In re Lester J. & Carol J. HARRIS,
Debtors.

Jeanette TAVORMINA, Trustee,
Plaintiff,

v.

Lester J. & Carol J. HARRIS,
Defendants.

Bankruptcy No. 79–01362–BKC–TCB.
Adv. No. 83–0503–BKC–TCB–A.

United States Bankruptcy Court,
S.D. Florida.

July 18, 1983.

Arthur S. Weitzner, Miami, Fla., for plaintiff/trustee.

Joseph A. Moretz, Miami, Fla., for defendants.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Bankruptcy Judge.

The trustee seeks recovery of money paid to the debtor/husband after bankruptcy in satisfaction of two mortgages in which he held a partial interest at the time of bankruptcy. The trustee also seeks establishment of her right to receive the debtor's share of another mortgage which will be satisfied in five months. Without objection, the complaint was amended at trial. The debtors have answered. The matter was tried on July 14.

The facts are not in dispute. The debtors filed for bankruptcy on November 14, 1979. The debtor/husband with six other general partners were then joint mortgagees on three mortgages involving three separate properties in Dade County. There is no reference to the debtor/husband's interest

in these mortgages or in the partnership set forth in Schedule B (Statement of all property of debtor) of the schedule of assets and liabilities filed by the debtors in this case nor in the debtors' statement of financial affairs. The statement of financial affairs makes the following reference to the partnership, Apartments Ltd. In response to the question:

"Have you been in a partnership with anyone, or engaged in any business during the six years immediately preceding the filing of the original petition herein? (If so, give particulars, including names, dates and places.)

Midwest Properties # 1, Family Investment Fund; Apartments Ltd; LeJeune Properties—all in Miami.    3 years."

No further disclosure or reference was made to these property interests during the administration of this case before it was closed on September 24, 1981.

At the time the bankruptcy schedules were prepared and filed and, indeed, until some time after the case was closed, the debtors quite plausibly believed that the mortgages had been executed in favor of the partnership rather than the individual partners and that neither the partnership interest nor the mortgages had any more than a nominal value. The partnership had no other assets and each of these mortgages was in default and had been the subject of unsuccessful efforts to enforce payment. There is no evidence here, therefore, of any deliberate effort to defraud creditors, nor has that been alleged. However, the question of the debtors' good faith is not relevant to this action.

In 1982, two of the mortgages were assumed and discharged by a third party and the debtor/husband was paid $69,022, his distributive share of the partnership assets, which is 20.85%. The foregoing proceeds were deposited in a joint checking account held by the two debtors. It is presently anticipated that the remaining mortgage will be satisfied in early December and that the debtor/husband's distributive share will be approximately $10,425.

It is undisputed that the partnership interest and the interest in the mortgages constituted property of this estate and that the proceeds of those interests, whenever received, also are property of the estate. § 541(a)(1) and (6).

The trustee reopened this case in September, after learning of this unadministered asset and this action ensued.

The debtors' only serious position is that these property interests were abandoned by the trustee when the case was closed in 1981 under § 554(c), which provides:

"Unless the court orders otherwise, any property that is scheduled under section 521(1) of this title and that is not administered before a case is closed under section 350 of this title is deemed abandoned."

Section 521(1) provides:

"The debtor shall (1) file a list of creditors, and unless the court orders otherwise, a schedule of assets and liabilities, and a statement of the debtor's financial affairs."

█ I find that the property in question here was not scheduled under § 521(1) and, therefore, cannot be deemed abandoned. It was never expressly abandoned under § 554(a) and, therefore, it remains property of this estate under § 554(d).

█ The debtors argue that the trustee could have and should have learned of the existence of these property interests by further investigating the reference made in the statement of affairs to the debtor's disclosure of the partnership name, or should have searched the public record for mortgages to which the debtors were parties. Had the trustee done so, the debtors argue, these property interests would have been discovered and, therefore, should be deemed abandoned as though they had been scheduled under § 521(1). I disagree. The argument disregards the plain and unambiguous provisions of § 554(c).

Although there were several aberrant decisions under the former Bankruptcy Act of 1898 that would impute knowledge of an asset, not explicitly scheduled, from clues

furnished the trustee during the bankruptcy, there is no basis in the present statutory provision or its legislative history that such a result is intended by the present statute. *Collier on Bankruptcy* (15th ed.) ¶ 554.03 n. 1.

■ The Code does not deprive creditors of the right to share in the debtor's property merely because the trustee failed to find the property or failed to take possession of it for the creditors. It deprives the creditors of the right to share in the debtor's property only if that property was formally abandoned by the court after a hearing or if the property was explicitly identified in the debtor's bankruptcy schedules and was never administered by the trustee during the pendency of the case.

■ The debtors have also argued that the trustee should be denied relief under the doctrines of waiver, estoppel or laches. There is no evidence in this record which would support these contentions.

■ The debtor/wife has, finally, contended that since there is no evidence that she held any partnership interest in Apartments, Ltd. or that she was a mortgagee in any of the three mortgages, this action should be dismissed as to her. Again, I disagree. It is uncontroverted that the mortgage proceeds received by the debtor/husband from the satisfaction of two of the mortgages was paid into a joint account of the debtors. The trustee is entitled to a money judgment for that property of the estate and the presence of the debtor/wife as a defendant in this action is appropriate to that purpose.

The trustee is further entitled to a judgment expressly vesting in the trustee any distributive share payable to the debtor/husband from that certain 1971 purchase money mortgage to the debtor/husband (and others), executed by Milton A. Fried as well as any other proceeds from the property interests of Apartments, Ltd.

As is required by B.R. 921(a), a separate judgment will be entered so providing. Costs may be taxed on motion.