**In re Robert A. SCHMID, Debtor.**

**Bankruptcy No. 382–00344.**

United States Bankruptcy Court,
D. Oregon.

Oct. 3, 1985.

---

James R. Cartwright, Portland, Or., for debtor.

Jerome B. Shank, Portland, Or., for Ronald A. Watson, trustee.

### FINDINGS OVERRULING OBJECTIONS OF THE DEBTOR TO FINAL ACCOUNT

DONAL D. SULLIVAN, Bankruptcy Judge.

The debtor objected to the trustee's final account on the basis that $18,491.50 resulting from trial of a lawsuit which the trustee proposes to distribute belongs to him. The debtor asserted that the trustee abandoned the lawsuit under 11 U.S.C. § 554(c) when the Court previously closed this case and that an order of reopening should not have been entered to administer this asset. There are no other assets in the estate. The objection should be overruled and the final account approved.

I find that when the bankruptcy case was previously closed, the estate was not fully administered within the meaning of 11 U.S.C. § 350(a); that the filing of a no asset report by the trustee was inadvertent, which inadvertence was caused by the debtor's ambiguous description in the schedules and failure to properly "schedule" the asset; that the bankruptcy should not have been closed; and that the reopening of the case under 11 U.S.C. § 350(b) for the purpose of correcting a mistake and administering the present asset was proper. The trustee did not intend to abandon the lawsuit under either 11 U.S.C. § 554(a) or 11 U.S.C. § 554(c). Consequently, there was no abandonment.

Mr. Schmid was in the restaurant business for approximately 20 years. In August 1981 he filed a lawsuit in Multnomah County against 141st Street Investors ("Investors") seeking in excess of $100,000 damages arising out of a restaurant property acquisition venture that went sour, allegedly because of Investors' fraud. Gary Bisaccio represented him on the lawsuit. Partly as a result of the failure of this venture, Schmid filed chapter 7 bank-

ruptcy on February 10, 1982. Dan LaRue represented the debtor for purposes of the bankruptcy. LaRue described the Investors claim in the schedules as "contingent and unliquidated claims ... $750,000" and, in the statement of affairs as "Schmid and Kim Linville, and 141st Investors; Multnomah County Circuit Court; Breach of Contract Proceedings". He also revealed that he paid attorneys' fees to Gary Bisaccio in connection with "141st Investors Case and Other Work". The Court closed the case on January 10, 1983 on its own initiative when it appeared from the trustee's report that there were no assets to justify keeping the case open and notice appeared to be unnecessary under 11 U.S.C. § 102(1). Thereafter, the trustee received an offer to settle the case for $10,000, petitioned to reopen the case, and requested approval of the settlement. The Court reopened the case on March 30, 1983, which was less than three months after closing. Gary Bisaccio, who previously had not applied to represent the trustee, objected to approval of the settlement. The Court declined to approve the settlement, appointed Mr. Bisaccio and Terry Slominski to represent the trustee, and deferred ruling on the abandonment issue until there was a recovery. Thereafter, the plaintiff obtained a judgment which was satisfied for $27,980.57, and the Court approved the attorneys' fees to be paid to Messrs. Bisaccio and Slominski. The debtor, with new counsel, objected to inclusion in the estate of the remaining proceeds of the lawsuit. There are claims in excess of the amount available for distribution, including a post-reopening, late claim which the debtor indicated was filed by his mother.

The debtor contends that he is entitled to the $18,491.50 because, as a matter of law, under 11 U.S.C. § 554(c) the trustee abandoned the lawsuit in that he failed to administer it before January 10, 1983, when the Court originally closed the case. The problem with debtor's argument is twofold. First, regardless of what may be indicated on Items 10 and 15 of the Statement of Affairs, for purposes of § 554(c) the "claim" was technically only "scheduled" on the Schedule B–2. *In re Medley*, 29 B.R. 84, 86 (Bankr.M.D.Tenn.1983); *In re King*, 27 B.R. 754 (Bankr.M.D.Tenn.1983). While an especially alert trustee could read the schedules and the statement of affairs together and conclude that there was a pending lawsuit, it did not happen in this case. In this regard, I believe the trustee's testimony that he was not told at the meeting of creditors of the pendency of the lawsuit. This problem could have been avoided if, during the one-year pendency of the bankruptcy, the debtor or his trial attorney had asked the trustee to abandon the lawsuit under 11 U.S.C. § 554(b) in accordance with the notice procedure of Bankr.R. 6007.

■ For property to be abandoned, the court has to make a formal determination of abandonment, or, at the least, the property deemed abandoned has to be so explicitly identified in the schedules as to be able to impute an intent to abandon. *Tavormina v. Harris (In re Harris)*, 32 B.R. 125, 128 (Bankr.S.D.Fla.1983). Where an apparent no asset case is routinely closed by the Court without the notice to creditors otherwise required by Bankr.R. 2002 and 6007, 11 U.S.C. § 554(c) does not inject the element of gamesmanship relied on here by the debtor to trap the unwary trustee and inadvertently deny creditors the benefit of a substantial asset. Abandonment of an asset of the estate, like the sale of an estate asset back to the debtor, has to be the result of an intelligent decision made in the context of notice and opportunity for a hearing. *Compare* Bankr.R. 6007 *with Wolverton v. Shell Oil Co. (In re Wolverton)*, 442 F.2d 666 (9th Cir.1971); *see also McTigue v. American Savings & Loan Association of Florida (In re First Baptist Church)*, 564 F.2d 677, 679 (5th Cir. 1977).

■ Inadvertence should not accomplish an abandonment under circumstances where abandonment would not have been allowed had it been requested before closing. Based on the B–2 Schedule and subse-

quent events, an intent to abandon cannot be imputed to the trustee here.

■ Alternatively, assuming arguendo that the trustee did abandon the claim, debtor has made no showing that Bankr.R. 9024 governing relief from judgment or order does not apply to 11 U.S.C. § 554(c). Indeed, there is authority for the proposition that it does, albeit decided under the Bankruptcy Act of 1898. *In re Lintz West Side Lumber, Inc.,* 655 F.2d 786 (7th Cir. 1981). Given the insufficient manner in which this claim was scheduled and the failure of the debtor 'or his attorney to otherwise adequately bring this claim to the trustee's attention before closing, I find that the abandonment, if there was one, is revocable based on mistake under Bankr.R. 9024 and Fed.R.Civ.P. 60(b).