**In re John Horace ATKINSON and Joanna Atkinson, fdba Kolab Petroleum, formerly officers of John Atkinson, Inc., J–Con, Inc., Wasatch Flooring, and Furies Mining Corp., Debtors.**

**Bankruptcy No. BK–R–82–00864.**

United States Bankruptcy Court, D. Nevada.

July 23, 1986.

Beaslin, Nygaard, Coke & Vincent, Salt Lake City, Utah, for movant Sidney M. Horman, creditor.

Smith & Corder, Reno, Nev., for debtors.

### MEMORANDUM DECISION

JAMES H. THOMPSON, Bankruptcy Judge.

Creditors Horman and others have moved[1] to reopen this case for the purpose of administering for the benefit of all creditors, a previously "unadministered" asset

1. The court finds that movants have standing to request a reopening of the case. Bankr. Rule 5010.

consisting of the debtors' lawsuit against the Church of Jesus Christ of Latter-Day Saints (LDS) and Brigham Young University (BYU). This suit was pending in the Orange County Superior Court of California when the bankruptcy petition was filed. The trustee, Diane Moseley, decided not to pursue this litigation on behalf of the estate. It appears that since the case was closed one year ago, the Debtors have been vigorously prosecuting this action at their own expense and for their own benefit.

In a Chapter 7 case such as this, it is the duty of the trustee to liquidate and distribute the property of the estate. 11 U.S.C. § 704(1). Property of the estate consists of "all legal or equitable interest of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). This includes causes of action existing at the time the bankruptcy petition is filed. See *Miller v. Shallowford Community Hospital*, 767 F.2d 1556, 1559 (11th Cir.1985). However, the trustee may abandon to the debtor property that is burdensome to the estate or that is of inconsequential value to the estate. 11 U.S.C. § 554. The trustee abandons property by giving notice of the proposed abandonment, Code § 554(a), Bankr. Rule 6007(a), after court order upon motion by a party in interest, Code § 554(b), Bankr. Rule 6007(b), or simply by leaving an asset unadministered at the close of the case. Code § 554(c).

As movants argue, the court has the power to reopen a closed case in order to administer a previously unadministered asset. 11 U.S.C. § 350(b); *Miller v. Shallowford*, 767 F.2d at 1559 n. 4. Reopening is discretionary with the court, but the court has a duty to reopen the estate when prima facie proof is made that it has not been fully administered. *Mullendore v. United States*, 741 F.2d 306, 308 (10th Cir.1984). See also *In re Smolarick*, 56 B.R. 720, 722 (Bankr.W.D.Va.1986). The court concludes that in this case, the estate has been fully administered. Since there remain no "unadministered" assets, there is no cause to reopen.

As noted above, the Bankruptcy Code provides for automatic abandonment under § 554(c):

Unless the court orders otherwise, any property scheduled under section 521(a)(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title.

Furthermore, abandonment, once accomplished, is irrevocable, regardless of any subsequent discovery that the property had greater value than previously believed. *In re Bryson*, 53 B.R. 3 (Bankr.M.D.Tenn. 1985); *In re Enriquez*, 22 B.R. 934 (Bankr. D.Neb.1982). Finally, as § 554(c) makes clear, a properly abandoned asset *is deemed administered* for purposes of section 350. The only exceptions to this rule of irrevocability are where the property is unscheduled by the debtor, actually concealed from the trustee, or where the trustee's knowledge of the existence of the property is one of mere suspicion, which engendered only a cursory investigation. *Bryson* at 4. The essence of the dispute here concerns whether the lawsuit was *properly* scheduled and considered by the trustee, so as to be subject to irrevocable abandonment under § 554(c).

The movants contend that the debtors listed in the schedules and statements only a "cryptic" reference to the litigation and that such was so inadequate a disclosure as to cause the trustee to fail to properly administer it. This litigation was listed in the debtors' Statement of Financial Affairs as "John H. Atkinson vs. Corporation of the President of the Church of Jesus Christ of Latter Day Saints, et al., Superior Court of California, County of Orange." Further, in Schedule B-2, Property of the Debtor, the litigation was referred to as "cause of action against the Church of Jesus Christ of Latter Day Saints", with an "unknown" value.

The court does not find the reference to the litigation to be "cryptic", nor an effort to conceal its existence from the trustee. On the contrary, the reference was suffi-

cient to enable the trustee (and any interested creditors) to examine the debtor at the § 341 meeting regarding the litigation. The trustee did in fact question the debtor about the case, and there is no evidence that the debtor was less than candid. In addition, the trustee actually reviewed the Superior Court pleadings and records with counsel, and concluded that the debtors' claims asserted against LDS and BYU were too clouded, remote and confusing to be pursued through the bankruptcy proceeding. She thus made an informed decision not to pursue the claims.

The cases cited by movants involve factual settings which differ markedly from this case. *Williams v. Rice*, 30 F.2d 814 (5th Cir.1929), involved a newly discovered asset. In *In re Harris*, debtors failed to schedule the nature of their interests in identifiable property. 32 B.R. 125 (Bankr. S.D.Fla.1983). In *In re Lake*, the debtor made a reference to an "intent to file" a lawsuit, but did not reveal that a lawsuit had already been filed. 49 B.R. 715, 716 (Bankr.S.D.Fla.1985). In *In re Schmid*, the debtor scheduled a lawsuit as "contingent and unliquidated claims ... $750,000." 54 B.R. 78, 80 (Bankr.D.Ore.1985). Although the action was referenced with more specificity in the statement of financial affairs, the court noted that only an "especially alert trustee could read the schedules and statement of affairs together and conclude that there was a pending lawsuit." *Id.*

Here, there was no doubt as to the existence of the lawsuit. The fact that the debtors listed the value of the claims as "unknown" did not deprive the trustee of adequate knowledge of the pending litigation so as to preclude her from performing her duties. One court has noted that where the trustee has knowledge that is sufficient to put him upon diligent inquiry as to the subject asset, the abandonment is held to have been knowingly made and hence is irrevocable. *In re Tarply*, 4 B.R. 145, 146 (Bankr.M.D.Tenn.1980). Here, Diane Moseley had more than just "inquiry notice". She in fact examined the debtor regarding the lawsuit, as well as reviewed the pleadings. The court therefore concludes that the trustee knowingly and irrevocably abandoned the lawsuit to the debtors under § 554(c).

Bankruptcy cases must at some point be closed with finality. The court should not easily allow creditors to reopen cases to administer assets when the movants had done little or nothing by way of participation in the case during the three years it was open. Horman in addition waited one year after closing to present this motion, with no justification given for the delay. In the meantime, debtors apparently have acted in reliance on the trustee's abandonment of this asset to them.

Bankruptcy case files are open to the public, and all documents are available for review. 11 U.S.C. § 107. Creditors are invited to attend the § 341 meeting and may further examine the debtor or trustee, and require production of documents, under Bankr. Rule 2004. A Chapter 7 trustee is required to furnish such information concerning the estate and the estate's administration as is requested by a party in interest. 11 U.S.C. § 704(7). If movants were interested in monitoring the administration of the estate, they could have done so. If dissatisfied with the trustee's performance or inaction with regard to the litigation at issue, they could have more timely moved to compel the trustee to administer the asset, could have sought removal of the trustee for failure to perform a duty, or could have requested court permission to pursue the litigation on their own, for the benefit of the estate. Movants did none of these things. The court will not now second-guess the trustee's judgment. She knowingly abandoned the litigation to the debtors, and therefore the abandonment is irrevocable. The asset is thus deemed administered for purposes of § 350, and the estate will not be reopened.

Order accordingly.