**In re John Douglas FOSSEY, Debtor.**

**Stephen D. SWINDLE, Appellant,**

v.

**John Douglas FOSSEY, and Patti S. Fossey, Appellees.**

**Civ. No. C-89-732W.**
**Bankruptcy No. 87B-06187.**

United States District Court,
D. Utah, C.D.

Feb. 27, 1990.

William G. Fowler, Ronald W. Goss, Salt Lake City, Utah, for appellant Stephen D. Swindle.

Stephen W. Rupp, Mona L. Lyman, Salt Lake City, Utah, for appellee John Douglas Fossey.

Rick J. Sutherland, Salt Lake City, Utah, for appellee Patti S. Fossey.

## MEMORANDUM DECISION AND ORDER

WINDER, District Judge.

Appellant Stephen D. Swindle ("Swindle") appeals from a May 5, 1989 order of the United States Bankruptcy Court for the District of Utah. Oral argument on this appeal was heard on February 12, 1990. Swindle was represented by William G. Fowler and Ronald W. Goss. Appellee John Douglas Fossey ("debtor") was represented by Mona Lyman and appellee Patti S. Fossey was represented by Rick J. Sutherland. This appeal was brought pursuant to 28 U.S.C. § 158 from an order of the bankruptcy court denying Swindle's motion to reopen the debtor's case to administer an unadministered asset pursuant to 11 U.S.C. § 350(b) and Bankruptcy Rule 5010.

Swindle, an unsecured creditor in the debtor's Chapter 7 bankruptcy case, filed a motion, with supporting memoranda, to reopen the case to administer unadministered assets and for the appointment of a substitute trustee. The debtor and the other appellee who is his wife, each filed memoranda in opposition to Swindle's motion, and the Chapter 7 trustee filed an affidavit respecting her position in the matter. At the hearing, the bankruptcy court denied Swindle's motion to reopen.

On this appeal, Swindle claims: (1) that the bankruptcy court abused its discretion in denying Swindle's motion to reopen the estate; (2) that the bankruptcy court erred in failing to reopen the debtor's Chapter 7 case; (3) that the bankruptcy court erred in holding that the trustee's abandonment of the fraudulent conveyance claim complied with the requirements of 11 U.S.C. § 554; and (4) that the bankruptcy court erred in affording the debtor and his wife standing to oppose the reopening of the debtor's Chapter 7 case. The court finds that the bankruptcy court abused its discretion in denying Swindle's motion to reopen and that prejudicial error justifying reversal was committed. Accordingly, this case is remanded to the bankruptcy court with directions to reopen the debtor's Chapter 7 case and appoint a trustee to assess the fraudulent conveyance claim.

On October 30, 1987, Swindle filed a civil action in the Third Judicial Court, Salt Lake County, State of Utah, seeking to set aside a conveyance of real property from debtor to his wife. Swindle contended that the conveyance was made to hinder debtor's creditors, of which Swindle was one. Subsequently, on November 24, 1987, debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. Mary Ellen Sloan was appointed trustee of the estate. The debtor filed his Schedules of Assets and Liabilities at the time but did not include in his B–2 schedule the cause of action to set aside the conveyance to his wife. However, the debtor did disclose this in his Statement of Financial Affairs.

On December 28, 1987, the Section 341 meeting of creditors was held. At this meeting the trustee, as well as Swindle's representative, questioned the debtor concerning Swindle's fraudulent conveyance claim. In addition, on January 28, 1988, Swindle examined the debtor pursuant to Bankruptcy Rule 2004. A representative from the trustee's office attended that examination. Swindle believed it would be in the best interest of the estate and its creditors for the trustee to pursue an adversary proceeding against the debtor and his wife to recover the real property or its value. On October 7, 1988, the trustee applied to the bankruptcy court for an order authorizing her to employ special counsel to pursue this adversary proceeding. This was denied, with the court directing the trustee to set the issue for a hearing regarding the special counsel's possible conflict of interest.

On February 9, 1989, after further consideration of the issue, the trustee mailed a letter to Swindle advising him that she had determined not to pursue the fraudulent conveyance cause of action. She also informed Swindle in this letter that she would file a notice of her intention to abandon the claim pursuant to § 554(a) of the Bankruptcy Code and Bankruptcy Rule 6007, in order to provide Swindle an opportunity to object to the proposed abandonment. However, on February 24, 1989, the trustee notified Swindle that, through inadvertence or mistake, she had already filed the "no asset" report and the case had been closed. Swindle did not pursue his right to appeal the abandonment. Instead, Swindle filed a motion to reopen the case. As noted above, this motion was heard by the bankruptcy court and denied and this appeal is from that order.

■ The court first addresses the claim raised in the debtor's brief that Swindle, having failed to directly appeal the abandonment, cannot collaterally attack it by appealing the order denying the motion to reopen. The cases cited by the debtor in support of this proposition, *In re Xonics, Inc.*, 813 F.2d 127 (7th Cir.1987), and *In re Smith–Douglass, Inc.*, 75 B.R. 994 (E.D.N.C.1987), involved situations where the abandonment was properly authorized by

the bankruptcy court pursuant to § 554(a). In our situation Swindle was not given sufficient notice of the abandonment, as required by § 554(a). Therefore, there was no abandonment under § 554(a) and the above cases are not applicable. Swindle properly followed the procedures for reopening a case to "administer assets" provided under § 350(b) and Bankruptcy Rule 5010. Thus, Swindle is not barred from appealing the bankruptcy court's order denying his motion to reopen.

■■■ The next issue the court addresses is whether the bankruptcy court abused its discretion in denying Swindle's motion to reopen the estate, and if so, whether this constituted error. Under § 350 it is clear that reopening a bankruptcy case is discretionary with the court. *In re Atkinson,* 62 B.R. 678, 679 (Bankr.D.Nev.1986). However, this discretion is severely limited if the proper procedural steps are not followed to initially close the case prior to the motion to reopen. The applicable procedures to be followed are found in § 554(a) and Bankruptcy Rule 6007. Failure to follow these procedures limits the bankruptcy court's discretion in ruling on a motion to reopen. Had these procedures been followed, the ruling made by the bankruptcy court would have been within its discretion. However, since § 554(a) and Rule 6007 were not followed, and the cause of action was not abandoned, a different standard applies.

Under the Bankruptcy Code the trustee abandons property by giving notice of the proposed abandonment, Code § 554(a), Bankruptcy Rule 6007(a), after court order upon motion by a party in interest, Code § 554(b), Bankruptcy Rule 6007(b), or simply by leaving an asset unadministered at the close of the case. Code § 554(c). *In re Atkinson,* 62 B.R. 678, 679 (Bankr.D.Nev. 1986). This appeal addresses the first (§ 554(a); Rule 6007) and third (§ 554(c)) methods since no contention is made by appellees that the second method, § 554(b) is involved.

■■■ The standard for abandonment by the trustee under § 554(a) and Rule 6007 essentially provides that notice and an opportunity for a hearing be given to all creditors prior to abandonment. A trustee has the right, subject to these notice and hearing requirements, to abandon property of the estate. This court must now determine whether this standard was met by the trustee prior to the abandonment of Swindle's cause of action.

The notice given to Swindle in this case consisted of a statement in the § 341 order for meeting of creditors and another statement made by the trustee at the meeting. Both of these statements were general in nature and did not specifically identify any property, including the cause of action in question. In her February 9, 1989 letter, the trustee advised Swindle of her intention to abandon the cause of action, but informed Swindle she would formally notify him of this so he would have an opportunity to object to the abandonment. This was not done. It is apparent therefore, that none of these procedures was sufficient to furnish notice as required by § 554(a) and Rule 6007.

The court finds that the notice which must be given under § 554(a) and Rule 6007 is that which provides a creditor a reasonable opportunity to be heard. *City of New York v. New York, N.H. & H.R. Co.,* 344 U.S. 293, 73 S.Ct. 299, 97 L.Ed. 333 (1953); *Reliable Electric Co. v. Olson Construction Co.,* 726 F.2d 620 (10th Cir.1984). Such notice was not given in this case. The trustee initially attempted to pursue Swindle's cause of action by applying for the appointment of special counsel to handle the matter. However, she reversed this decision, decided to abandon the cause of action, and informed Swindle she would formally notify him so he could oppose the abandonment. Yet this notice was not given to Swindle and the estate was closed. Thus, it was never clear before the estate was closed that the trustee would abandon the cause of action or that Swindle had a full chance to be heard in opposition. Therefore, since the requirements of § 554(a) and Rule 6007 were not complied with, the property cannot be deemed abandoned, and the bankruptcy court erred in

failing to reopen the debtor's Chapter 7 case.

The debtor also argues that Swindle's cause of action was abandoned pursuant to § 554(c). To be abandoned under § 554(c) property must be "scheduled" under § 521(1). The cases have held that the word "scheduled" in § 554(c) refers to property listed in the debtor's Schedules of Assets and Liabilities. *In re Schmid*, 54 B.R. 78, 80 (Bankr.D.Ore.1985); *In re Harris*, 32 B.R. 125, 127 (Bankr.S.D.Fla.1983); *In re Medley*, 29 B.R. 84, 86 (Bankr.M.D. Tenn.1983). In this case the debtor listed Swindle's cause of action in his Statement of Financial Affairs but not in his Schedules of Assets and Liabilities. Therefore, Swindle's cause of action was not "scheduled" under § 521(1), and could not be abandoned under § 554(c).

Because of our decision to remand this to the bankruptcy court, the court does not address the issue of whether the debtor and his wife have standing to object to the motion to reopen.

In conclusion, the court finds that Swindle is not barred from appealing the bankruptcy court's order denying his motion to reopen; that the bankruptcy court abused its discretion in denying Swindle's motion to reopen; that the bankruptcy court erred in failing to reopen the debtor's Chapter 7 case; and, that the bankruptcy court erred in holding that the trustee's abandonment of the fraudulent conveyance claim complied with the requirement of 11 U.S.C. § 554.

IT IS HEREBY ORDERED that Swindle's appeal is granted and the case is remanded to the bankruptcy court with directions to reopen the debtor's Chapter 7 case and appoint a trustee to assess the fraudulent conveyance claim.