**In re Glenda Sue McCOY, Debtor.**

**Bankruptcy No. 2–90–08313.**

United States Bankruptcy Court, S.D. Ohio, E.D.

Oct. 23, 1991.

Samuel L. Calig, Columbus, Ohio, for debtor.

Robert M. Storey, Columbus, Ohio, Chapter 7 Trustee.

Charles M. Caldwell, Office of the U.S. Trustee, Columbus, Ohio.

## OPINION AND ORDER GRANTING MOTION TO REOPEN CASE

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court on a motion filed by Robert M. Storey ("Trustee") seeking to reopen this bankruptcy case.

The Court has jurisdiction in this matter under 28 U.S.C. § 1334(b) and the General Order of Reference entered in this district. This is a core proceeding which this bankruptcy judge may hear and determine under 28 U.S.C. § 157(b)(2)(A).

### I. *Facts*

Debtor Glenda Sue McCoy filed a petition under Chapter 7 of the Bankruptcy Code on December 12, 1990. With that petition she submitted the schedules of assets and liabilities required by 11 U.S.C. § 521(1), but failed to include in those schedules her entitlement to a tax refund for 1990. At the meeting of creditors held January 19, 1991 the Trustee questioned the debtor concerning her potential entitlement to a tax refund. At that time the debtor indicated that she would be entitled to a refund of less than $500.

On January 29, 1991, the Trustee filed a no asset report with the Clerk of the Bankruptcy Court. Before that report was approved and the case closed, however, H & R Block notified the debtor that she was entitled to a tax refund in the amount of $2,090. On April 3, 1991, the debtor, unsolicited, sent a copy of her tax return to the Trustee. The Trustee then called the debtor's attorney and requested a turnover of the tax refund, minus exemptions allowable to the debtor under state law. Before that turnover occurred, and unaware of the existence of the refund, on April 26, 1991 the Court routinely approved the Trustee's no asset report and closed the case. Upon that closing, the debtor believed her refund was no longer property of the estate and had been abandoned by the Trustee.

The Trustee now has filed a motion seeking to reopen the case to collect and administer the tax refund. The debtor has objected to that process and argues that she gave no misleading statements to the Court or to her creditors in the petition or at the creditors' meeting, that she fully cooperated with the Trustee, and that under prevailing case law, it would be inappropriate for this case now to be reopened.

### II. *Issue Presented*

The issue for decision is whether the closing of this case acts as an abandonment by the Trustee of the estate's interest in the debtor's tax refund pursuant to 11 U.S.C. § 554.

### III. *Discussion And Conclusions Of Law*

 Section 350(b) of the Bankruptcy Code allows a case to be reopened to permit a trustee to administer assets. However, the case will not be reopened for that purpose if the asset has been previously abandoned. Although 11 U.S.C. § 554(c) deems an asset to be abandoned upon the closing of a case, there are certain statutory and case law exceptions to that rule.

11 U.S.C. § 554 provides in pertinent part:

(c) Unless the court orders otherwise, any property that is scheduled under section 521(1) of this title and that is not administered before a case is closed under section 350 of this title is deemed abandoned.

(d) Unless the court orders otherwise, property of the estate that is not abandoned under subsection (b) or (c) of this section and that is not administered in the case remains property of the estate.

 The language of subsection (c) deems abandoned to the debtor any scheduled asset of the estate that remains unadministered at the close of the case. Any

asset concealed from the trustee or not scheduled by the debtor, however, will not be deemed to have been abandoned. *In re Sutton,* 10 B.R. 737 (Bankr.E.D.Va.1981). The word "scheduled" in § 554(c) has a specific meaning and refers only to assets listed in a debtor's schedule of assets and liabilities. *In re Fossey,* 119 B.R. 268 (Bankr.D.Utah 1990).

■ The circumstances in the present case suggest that the tax refund was not deemed abandoned under § 554(c) upon the closing of the case. The debtor failed to include the tax refund in her schedule of assets. Even more significant in this regard is the fact that she did not include the tax refund when she amended her schedules. Even though she clearly brought the asset to the Trustee's attention, case law consistently holds that assets must be explicitly identified in the schedule before a deemed abandonment can occur. *See, In re Harris,* 32 B.R. 125 (Bankr.S.D.Fla. 1983); *In re Bryson,* 53 B.R. 3 (Bankr. M.D.Tenn.1985); *In re Schmid,* 54 B.R. 78 (Bankr.D.Or.1985). Since the potential tax refund was not listed in the debtor's schedules, no deemed abandonment of that refund has occurred. The refund remains as an unadministered asset which is property of the estate under 11 U.S.C. § 554(d). *In re Medley,* 29 B.R. 84 (Bankr.M.D.Tenn. 1983). Accordingly, this case will be opened to allow the Trustee to administer the tax refund.

It is uncontested that the Trustee knew of the tax refund before the case was closed. The debtor argues that such knowledge relieves her from having to meet the scheduling requirement. The language of § 554(c) is plain and unambiguous, however, and there is no support for the thesis that knowledge changes the express language of the statute. Only assets that are actually scheduled can be deemed abandoned under 11 U.S.C. § 554(c). *Medley,* 29 B.R. at 84.

The scheduling requirement of § 554(c) furthers the policy of giving a trustee in bankruptcy means to administer the estate as quickly as possible. A readily available listing of assets prevents the trustee from having to do a rigorous search of the debtor's records and make inferences from answers to questions. *Medley,* 29 B.R. at 84. It also makes public all assets available for distribution to creditors.

## IV. *Conclusion*

Section 554(c) Title 11 expressly requires that assets must be formally scheduled before abandonment can be deemed to have occurred by the closing of the case. Such formal listing of assets provides the Trustee and other parties in interest with an opportunity to make timely and informed decisions on behalf of the estate concerning the debtor's property. The debtor did not list a potential tax refund in her schedules. Therefore, the asset was not "scheduled" within the meaning of § 554(c) and was not deemed abandoned upon the prior closing of this case. Accordingly, the Trustee's motion to reopen the case to administer the tax refund asset is hereby granted. Because this debtor exhibited no culpable behavior, the Court suggests that a convenient, feasible repayment plan be arranged.

IT IS SO ORDERED.