DECISION AND JUDGMENT ENTRY
Carletta and Thomas McGlone appeal the summary judgment entered by the Ross County Court of Common Pleas in favor of Charity Blaha and the dismissal of their complaint. They assign the following error:
 The court errored [sic] in granting defendant's motion for summary judgment and motion to dismiss for failure to prosecute on the grounds that plaintiffs are not the real party in interest and lacked standing to bring suit.
For the reasons discussed below, we affirm the judgment of the trial court.
In June 1995, Mrs. McGlone and Ms. Blaha were involved in an automobile accident. The McGlones allege that Ms. Blaha was negligent and proximately caused Mrs. McGlone's injuries. After the accident, but prior to filing their complaint against Ms. Blaha, the McGlones filed for and received Chapter 7 bankruptcy protection.
The McGlones' bankruptcy petition included a list of assets and liabilities, and a statement of their current earnings. The McGlones failed to list their claim against Ms. Blaha as an asset but indicated on their schedule of current income (schedule I) that Mrs. McGlone was "[u]nemployed due to injury in [an] auto accident."
Myron Terlecky was appointed the trustee of the McGlones' estate by the bankruptcy court. In his deposition testimony, Mr. Terlecky stated that he asked the McGlones about the automobile accident at the meeting of the creditors. According to Mr. Terlecky, Mrs. McGlone told him that there was no offer forthcoming from the insurance company (presumably Ms. Blaha's), that she had insurance coverage, and that most of her medical bills were subject to being paid. Based on this information, Mr. Terlecky determined that the claim was not worth pursuing on behalf of the creditors. Specifically, Mr. Terlecky reasoned that after paying the attorney's fees and awarding the McGlones their share of the recovery allowed under the bankruptcy statute, there would be no money available to distribute to the creditors. Mr. Terlecky conceded that the claim was not listed in the schedule B list of assets where it should have been, but he did not request an amended schedule from the McGlones because he had already determined not to pursue the claim.
On cross-examination, Mr. Terlecky testified that debtors are required to schedule their assets so that they are disclosed to the bankruptcy court. Further, if a creditor wanted to determine the available assets, he would look at schedule B. Mr. Terlecky indicated that he believes the personal injury claim was scheduled, though not properly, because of the statement made on schedule I.
Mr. Terlecky testified that he does not know whether he knew the circumstances of the accident, the amount of insurance coverage available to Ms. Blaha, or how much uninsured or underinsured coverage the McGlones had, at the time of the meeting. He stated that he met with the McGlones for less than five to ten minutes and that he never gave notice to the creditors that he did not intend to pursue the personal injury claim.
Ms. Blaha filed a motion to dismiss the complaint under Civ.R. 17(A) which requires that a lawsuit be filed by the real party in interest. Ms. Blaha asserted that the claim against her was part of the bankruptcy estate and only the trustee could pursue the claim. The trial court granted the McGlones leave to join the trustee and denied the motion to dismiss. When the McGlones failed to join the trustee by the court-imposed deadline, Ms. Blaha moved for summary judgment or, in the alternative, a dismissal for failure to prosecute under Civ.R. 41(B)(1). The McGlones opposed this motion on the ground that the personal injury claim had been abandoned by the bankruptcy trustee and, therefore, they were legally entitled to pursue the claim on their own behalf. In support of this position, the McGlones produced a letter from Mr. Terlecky indicating that he believed the claim was technically abandoned pursuant to 11 U.S.C. § 554(c) and that the McGlones were legally entitled to pursue the claim.
The trial court granted the motion for summary judgment and the motion to dismiss. The McGlones filed a timely appeal.
In reviewing a summary judgment, the lower court and the appellate court apply the same standard, i.e., we review the judgment independently and without deference to the trial court's determination. MidwestSpecialties, Inc. v. Firestone Co. (1988), 42 Ohio App.3d 6, 8. Summary judgment is appropriate when the following have been established: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the nonmoving party, that party being entitled to have the evidence construed most strongly in its favor. Bostic v. Connor (1988), 37 Ohio St.3d 144,146; State ex rel. Coulverson v. Ohio Adult Parole Auth. (1991),62 Ohio St.3d 12, 14; Civ.R. 56(C). The burden of showing that no genuine issue exists as to any material fact falls upon the moving party. Mitseffv. Wheeler (1988), 38 Ohio St.3d 112, 115. Additionally, a motion for summary judgment forces the nonmoving party to produce evidence on any issue (1) for which that party bears the burden of production at trial, and (2) for which the moving party has met its initial burden. SeeDresher v. Burt (1996), 75 Ohio St.3d 280; Wing v. Anchor Media, Ltd. ofTexas (1991), 59 Ohio St.3d 108, paragraph three of the syllabus.
Resolution of this appeal requires us to apply federal bankruptcy law. "Upon filing a bankruptcy petition, all of a debtor's property becomes property of the estate." Folz v. Bancohio Natl. Bank (S.D.Ohio 1987),88 B.R. 149, 150, citing 11 U.S.C. § 541. "Property" is interpreted broadly and includes all interests of a debtor, both legal and equitable, and tangible and intangible. Id. Unliquidated personal injury claims are "property" of a bankruptcy estate even if unassignable. In reCottrell (C.A.6, 1989), 876 F.2d 540. Thus, when the McGlones filed their Chapter 7 bankruptcy petition, their claim against Ms. Blaha became a proper asset of the bankruptcy estate. The claim remains part of the bankruptcy estate unless the trustee surrenders or "abandons" the claims to the debtor to pursue. Mele v. First Colony Life Ins. Co. (D.D.C. 1991), 127 B.R. 82, citing 11 U.S.C. § 554(d).
The McGlones concede that their claim was the property of the bankruptcy estate but argue that the trustee did abandon the claim to them. See In re Dewsnup (C.A.10, 1990), 908 F.2d 588 (holding that property abandoned under 11 U.S.C. § 554 is no longer property of the estate and the party who holds a possessory right to the property at the time of the filing of the bankruptcy petition reacquires that right upon abandonment). Appellants carry the burden of proving that the claim was abandoned by the trustee. Barletta v. Tedeschi (N.D.N.Y. 1990),121 B.R. 669, 672 (stating that the party seeking to demonstrate abandonment has the burden of persuasion).
In order to demonstrate that their claim against Ms. Blaha was abandoned by the trustee, the McGlones had to produce evidence on summary judgment to show that one of the following three conditions had occurred: (1) the trustee expressly abandoned the claim after giving notice to the creditors of the proposed abandonment; (2) the court ordered abandonment after a party in interest requested abandonment of the claim and notice to the creditors had been afforded; or (3) the claim was scheduled under 11 U.S.C. § 521(1) and not otherwise administered at the time the case was closed. See 11 U.S.C. § 554(a)-(c); In reFossey (D.Utah 1990), 119 B.R. 268, 271. The McGlones concede that the creditors were not given notice and, therefore, only the third condition in 11 U.S.C. § 554(c) is applicable here.
The McGlones' argument is twofold. First, they argue that their claim was scheduled because it was listed on schedule I. Second, they argue that the trustee was aware of the claim and sufficiently reviewed it before determining not to administer the claim for the benefit of the creditors. Therefore, the claim was "abandoned" pursuant to11 U.S.C. § 554(c) and no longer belongs to the estate.
"In order for property to be abandoned by operation of law pursuant to section 554(c), the debtor must formally schedule the property before the close of the case. It is not enough that the trustee learns of the property through other means; the property must be scheduled pursuant to section 521(1)." Vreugdenhill v. Navistar Int'l Trans. Corp. (C.A.8, 1991), 950 F.2d 524, 526. 11 U.S.C. § 521(1) provides that:
 The debtor shall file a list of creditors, and unless the court orders otherwise, a schedule of assets and liabilities, a schedule of current income and current expenditures, and a statement of the debtor's financial affairs.
The McGlones argue that their disclosure that Mrs. McGlone was unemployed due to an injury resulting from an automobile accident was sufficient to comply with 11 U.S.C. § 521(1). We disagree. While it was fortuitous that the trustee extrapolated from this statement that the McGlones had a potential personal injury claim, this statement would not clearly put creditors and the bankruptcy court on notice that such a claim existed.
More importantly, the word "scheduled" in 11 U.S.C. § 554(c) has been interpreted as referring to property listed in the debtor's schedules of assets and liabilities. Fossey, supra, at 271. Therefore, where a debtor listed a cause of action in his statement of financial affairs but not in his schedule of assets and liabilities, it was held not to be "scheduled." Id.
The bankruptcy code "deprives the creditors of the right to share in the debtor's property only * * * if the property was explicitlyidentified in the debtor's bankruptcy schedules and was never administered by the trustee during the pendency of the case." (Emphasis added.) In re Harris (S.D.Fla. 1983), 32 B.R. 125, 128. See, also, In reCundiff (C.A.6, 1998), 227 B.R. 476; In re McCoy (S.D.Ohio 1991),139 B.R. 430. Because the McGlones did not schedule their personal injury claim, it cannot be deemed abandoned under 11 U.S.C. § 554(c).
The McGlones' argument that because the trustee was aware of the claim and decided not to administer it, the claim was abandoned, is likewise without merit. The McGlones concede that mere knowledge of an asset's existence by the trustee is not sufficient to qualify as a "technical abandonment" under 11 U.S.C. § 554(c). See, e.g., Hayes v. Allison
(Apr. 23, 1993), Montgomery App. No. 13481, unreported. However, they argue that Mr. Terlecky's deposition testimony demonstrates that he examined the claim and decided not to pursue it, thereby abandoning it.
The McGlones rely on Mele, supra, to support this position. In Mele, the District Court for the District of Columbus stated that:
 * * *, it must be shown that the abandonment of a claim is the "result of an intelligent decision" by the trustee-and such an "intelligent decision" can be made only on the basis of all reasonably available information. (citations omitted).
 Accordingly, in order to prove that an implied abandonment was indeed effected, the plaintiff must show at a minimum that the trustee made reasonable inquiry consistent with his statutory duties to the estate and to the creditors as to the value of estate property before impliedly abandoning it through the filing of a "no asset" report.
Id. at 86.
In Mele, however, the debtor properly scheduled a pending lawsuit in his bankruptcy petition. The court allowed the creditors to re-open the bankruptcy case after they discovered the true value of the lawsuit and learned that the trustee did not make proper inquiry into its value prior to filing his "no asset" report. Mele never suggested that such "reasonable inquiry" into a claim by the trustee is a sufficient substitute for scheduling the asset.
In fact, the McGlones have cited no case law to support their position that the trustee's knowledge of a claim and informed decision not to pursue the claim are a sufficient substitute for scheduling the claim under 11 U.S.C. § 554(c). As the plain language of the statute requires that a claim be properly scheduled in order to be abandoned under 11 U.S.C. § 554(c) and we have already determined that this claim was not properly scheduled, we find that the McGlones' claim against Ms. Blaha was not abandoned. Therefore, pursuant to11 U.S.C. § 554(d), the claim remains the property of the bankruptcy estate and only the bankruptcy trustee can pursue the claim. Accordingly, the trial court's entry of summary judgment is affirmed.
We need not consider whether the dismissal of the McGlones' complaint was proper as the issue is moot. Having overruled appellant's sole assignment of error, we affirm the judgment of the trial court.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
Kline, P.J. Concurs in Judgment and Opinion
Grey, J. Dissents with Attached Dissenting Opinion
 __________________________ William H. Harsha, Judge