[Cite as *Turner v. CTW Dev. Corp.*, 2013-Ohio-4455.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| DAVID D. TURNER, et al., | ) | |
| | ) | CASE NO. 12 MA 124 |
| PLAINTIFFS-APPELLANTS, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | |
| CTW DEVELOPMENT CORPORATION, | ) | |
| et al., | ) | |
| | ) | |
| DEFENDANTS-APPELLEES. | ) | |

CHARACTER OF PROCEEDINGS:     Civil Appeal from Common Pleas
Court, Case No. 10 CV 2263.

JUDGMENT:     Affirmed.

APPEARANCES:
For Plaintiffs-Appellants:     Attorney Stuart Strasfeld
100 Federal Plaza East, Suite 600
Youngstown, OH  44503

For Defendants-Appellees:     Attorney Matthew Giannini
1040 South Commons Place
Suite 200
Youngstown, OH  44514

JUDGES:
Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Cheryl L. Waite

Dated:  September 30, 2013

DeGenaro, P.J.

{¶1} Plaintiffs-Appellants David and Rosalyn Turner appeal the decision of the Mahoning County Court of Common Pleas, granting summary judgment to Defendants-Appellees CTW Development Corporation and Charles Whitman. On appeal, Turner argues that because there were issues of material fact summary judgment in favor of CTW and Whitman was improper.

{¶2} The Turners' arguments are meritless. David improperly scheduled his claims against CTW and Whitman in his personal Chapter 7 petition on the Statement of Financial Affairs, rather than on the Statement of Assets and Liabilities as required by federal bankruptcy law. Thus, they were not abandoned by the bankruptcy trustee and David did not have standing to file this case. Further, as a shareholder and creditor of D&M Turner Enterprises, Inc.[1] Rosalyn's claims were by and through D&M; thus she did not have standing to proceed on behalf of the corporation against CTW and Whitman. A review of the entire record when viewed most favorably to the Turners demonstrates that there were no issues of material fact and summary judgment in favor of CTW and Whitman was proper. Accordingly, the judgment of the trial court is affirmed.

### Facts and Procedural History

{¶3} The basis of these proceedings stems from a 1991 license agreement which was entered into between Ground Round, Inc., D&M and Charles T. Whitman. A breakdown in the relationship resulted in CTW and Whitman obtaining a cognovit judgment against David and D&M on May 18, 2005, in the Mahoning County Court of Common Pleas. On June 6, 2005, David and D&M obtained an order staying execution of the cognovit judgment. David and D&M filed a motion to set aside the judgment and an amended answer and counterclaim on July 6, 2005.

{¶4} In August of 2005, David filed a Chapter 7 bankruptcy petition, and shortly thereafter D&M also filed for bankruptcy protection; both cases were filed with the United States Bankruptcy Court, Northern District of Ohio. Relevant to this appeal, in the D&M case, the bankruptcy court issued an order on October 31, 2008, directing the trustee to "assign to CTW Development Corporation any and all claims of Debtor against CTW

---

[1] According to the Complaint; D&M Turner Enterprises, Inc. is "an Ohio corporation with its principal place of business located at 7463 South Ave., Boardman, OH 44512 and operating the business known as Ground

Development Corporation or Chuck Whitman." There is nothing further in the record relative to the D&M bankruptcy. David was individually discharged from bankruptcy on November 8, 2005.

{¶5} On June 9, 2010, David and Rosalyn filed the instant action against CTW and Whitman, alleging breach of fiduciary duties and tortuous interference to the detriment of David and his business, D&M. CTW and Whitman filed a joint answer, affirmative defenses and counterclaim.

{¶6} On May 2, 2012, CTW and Whitman filed a motion for summary judgment, again alleging David's lack of standing due to his discharge in his bankruptcy proceedings. David and Rosalyn opposed the motion contending that the bankruptcy trustee abandoned the claims against CTW and Whitman and it reverted back to David. On June 6, 2012, the trial court granted summary judgment in favor of CTW and Whitman, finding that "the claims of Plaintiff are no longer viable per the proceedings in the U.S. Bankruptcy Court."

### Summary Judgment Against David Turner

{¶7} In the first of two assignments of error, the Turners assert:

{¶8} "The trial court erred in granting the Defendants-Appellees' Motion for Summary Judgment when it determined that the claims of David Turner were no longer viable per the proceedings in the United States Bankruptcy Court."

{¶9} An appellate court reviews a trial court's summary judgment decision de novo, applying the same standard used by the trial court. *Ohio Govt. Risk Mgt. Plan v. Harrison,* 115 Ohio St.3d 241, 2007-Ohio-4948, 874 N.E.2d 1155, ¶5. A motion for summary judgment is properly granted when, upon viewing the evidence in a light most favorable to the party against whom the motion is made, the court determines that: (1) there are no genuine issues as to any material facts; (2) the movant is entitled to judgment as a matter of law; and (3) the evidence is such that reasonable minds can come to but one conclusion and that conclusion is adverse to the opposing party. Civ.R. 56(C); *Byrd v. Smith,* 110 Ohio St.3d 24, 2006-Ohio-3455, 850 N.E.2d 47, ¶10. When

Round restaurant at said location" in which David Turner is a principal shareholder.

considering a motion for summary judgment the court must construe the facts in a light most favorable to the non-moving party. *Temple v. Wean United, Inc.,* 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977).

**{¶10}** When moving for summary judgment, "the moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." *Dresher v. Burt*, 75 Ohio St.3d 280, 296, 662 N.E.2d 264 (1996). The nonmoving party then has the reciprocal burden of responding to the motion with specificity and cannot merely rest upon the allegations or denials in the pleadings. *Id.* at 293.

**{¶11}** David argues that his personal bankruptcy did not deprive him of standing to file the present case because the bankruptcy trustee abandoned his claims against CTW and Whitman – which are the basis of this lawsuit – pursuant to 11 U.S.C. 554(c). CTW and Whitman contend because David's claims against them were not properly scheduled under 11 U.S.C. 521(1) they were not abandoned; therefore David has no standing to proceed. Resolution of this issue requires application of the Bankruptcy Code and federal case law. *McGlone v. Blaha*, 4th Dist. No. 99 CA 2533, 2000-Ohio-2043, *2.

**{¶12}** The filing of a bankruptcy petition creates an estate consisting of all property in which the debtor has a legal or equitable interest. 11 U.S.C. 541. Property is broadly defined to not only include tangible assets but intangible as well, such as unliquidated personal injury claims, even if unassignable. *Id.*, *In re Cottrell*, 876 F.2d 540 (6th Cir.1989). Pertinent to this appeal, the Bankruptcy Code permits the trustee to abandon assets belonging to the estate to the debtor. To be eligible to be abandoned under 11 U.S.C. 554(c) property must be properly scheduled under 11 U.S.C. 521(1). *In re Fossey,* 119 B.R. 268, 272 (D.Utah 1990). Specifically, the property must be listed in the debtor's Schedules of Assets and Liabilities. *In re Schmid,* 54 B.R. 78, 80 (Bankr.D.Ore.1985); *In re Harris,* 32 B.R. 125, 127 (Bankr.S.D.Fla.1983); *In re Medley,* 29 B.R. 84, 86 (Bankr.M.D.Tenn.1983).

**{¶13}** The United States Bankruptcy Appellate Panel for the Sixth Circuit held in *In*

*re Bonner,* 2005 WL 2136204, *3 (6th Cir. BAP Sept.6, 2005):

"The language of subsection (c) [of 11 U.S.C §554] deems abandoned to the debtor any scheduled asset of the estate that remains unadministered at the close of the case. Any asset concealed from the trustee or not scheduled by the debtor, however, will not be deemed to have been abandoned. [Citation omitted.] The word *"scheduled" in §554 has a specific meaning and refers only to assets listed in a debtor's schedule of assets and liabilities.* [Citation omitted]." (Emphasis Added)

*Id.,* *3, citing *In re McCoy*, 139 B.R. 430, 431-32 (Bankr.S.D.Ohio 1991).

**{¶14}** The court in *Bonner* continued: "The Court of Appeals for the Sixth Circuit has observed in dicta that §554(c) requires an asset to be properly listed "even if the trustee is aware of the asset through other channels." *Bonner,* *3 citing *Bittel v. Yamato Int'l Corp.*, 70 F.3d 1271, 1995 WL 699672, at *4 (6th Cir.1995) (unpublished table decision); accord *Cundiff v. Cundiff* (*In re Cundiff*), 227 B.R. 476, 479 (B.A.P.6th Cir.1998) (citing *Vreugdenhill v. Navistar Int'l Transp. Corp.*, 950 F.2d 524, 526 (8th Cir.1991))

**{¶15}** In order to demonstrate that the claims against CTW and Whitman were abandoned by the trustee, David had to produce evidence on summary judgment that one of the following events occurred to have standing in this case: "(1) the trustee expressly abandoned the claim after giving notice to the creditors of the proposed abandonment; (2) the court ordered abandonment after a party in interest requested abandonment of the claim and notice to the creditors had been afforded; or (3) the claim was scheduled under 11 U.S.C. 521(1) and not otherwise administered at the time the case was closed." *McGlone*, *3, citing §554(a)-(c) and *Fossey,* 119 B.R. 268, 271.

**{¶16}** The only reference in David's personal bankruptcy petition to litigation with CTW and Whitman was listed in the Statement of Financial Affairs; specifically identifying Mahoning County Case No. 2005 CV 1787, *CTW Development Corp. vs. Dave Turner et al*, as a suit in which David was a party. David did not make any reference to the counterclaim he filed in that case against CTW and Whitman, or any other claims he had

against CTW or Whitman in the Schedule of Assets and Liabilities which, inter alia, contains a listing of personal property. Pursuant to *Bonner, Fossey, McGlone*, etc., listing a cause of action in the Statement of Financial Affairs, but not the Schedules of Assets and Liabilities is not considered a properly scheduled asset under §521(1) and, therefore, could not be abandoned under §554(c).

**{¶17}** David improperly scheduled the 2005 lawsuit involving CTW and Whitman; specifically failing to identify his pending counterclaim or any other claims against CTW and Whitman in the Schedule of Assets and Liabilities. Because he failed to properly schedule those claims, they were not abandoned by the trustee. Thus, he did not have standing to proceed. Accordingly, the Turners' first assignment of error is meritless.

### Summary Judgment against Rosalyn Turner

**{¶18}** In the last of two assignments of error, the Turners assert:

**{¶19}** "The trial court erred in granting the Defendants-Appellees' Motion for Summary Judgment dismissing the claims filed by Plaintiff-Appellant, Rosalyn J. Turner."

**{¶20}** The Turners argue that as Rosalyn did not file a joint bankruptcy with David, she is not precluded from pursuing claims against CTW and Whitman. CTW and Whitman contend that Rosalyn is not a member or owner of D&M and that her claims are derivative of her husband; thus she also lacks standing for the same reason David does. Rosalyn counters that her claims against CTW and Whitman are independent of her husband; that she loaned and/or advanced money to and on behalf of D&M, and that she is a shareholder of D&M and often deferred her compensation and personally paid expenses for D&M.

**{¶21}** Generally, where the basis of an action is an injury sustained by or a wrong to a corporation by a third party, only the corporation, and not the shareholders, can litigate the claim. *Adair v. Wozniak*, 23 Ohio St.3d 174, 176, 492 N.E.2d 426 (1986). A complaining shareholder has a direct action only if he sustains a loss separate and distinct from that of the corporation. *Weston v. Weston Paper & Mfg. Co.*, 74 Ohio St.3d 377, 379, 658 N.E.2d 1058 (1996) citing *Crosby v. Beam*, 47 Ohio St.3d 105, 107, 548 N.E.2d 217 (1989).

**{¶22}** In *Emerson v. Bank One, Akron NA,* 9th Dist. No. 20555, 2001-Ohio-1765, Emerson, was the director, shareholder and president of Emerson Corporation. The Corporation filed a Chapter 11 Bankruptcy petition in 1993. Bank One was the main lender prior to filing, and worked with the Corporation to create an amended plan of reorganization. Attempts to execute new loan documents reducing the terms and conditions of the confirmed Chapter 11 plan were unsuccessful and the bankruptcy petition was dismissed. Thereafter, Emerson filed a complaint against Bank One alleging breach of duty to deal in good faith with the Corporation subsequent to the confirmation of the Chapter 11 plan for reorganization. Bank One was granted summary judgment on the basis that Emerson lacked standing to assert injuries allegedly sustained by the corporation. The Ninth District affirmed holding the cause of action belonged to the corporation not the shareholders, despite the fact that "in an economic sense real harm may well be sustained by the shareholders as a result of reduced earnings, diminution in the value of ownership, or accumulation of personal debt and liabilities from the company's financial decline." *Adair,* 23 Ohio St.3d at 178. An individual's personal loss is both "duplicative and indirect" to the corporation's claim. *Id.*

**{¶23}** Rosalyn has not alleged how she has sustained a loss separate and distinct from that of D&M. As in *Emerson*, CTW and Whitman's actions here allegedly injured the corporation, D&M, but this alone does not create a cause of action for Rosalyn. Any and all allegations made in this case are based upon CTW and Whitman's conduct in relation to D&M. Thus, Rosalyn has no standing. Accordingly, the Turners' second assignment of error is meritless.

### Conclusion

**{¶24}** The Turners' arguments are meritless. David improperly scheduled his claims against CTW and Whitman in his personal Chapter 7 petition on the Statement of Financial Affairs rather than the Statement of Assets and Liabilities as required by federal bankruptcy law. Thus, they were not abandoned by the bankruptcy trustee and David did not have standing to file this case. Further, as a shareholder and creditor of D&M, Rosalyn's claims were by and through D&M; thus she did not have standing to proceed on behalf of the corporation against CTW and Whitman. A review of the entire record,

when viewed most favorably to the Turners demonstrates that there were no issues of material fact and summary judgment in favor of CTW and Whitman was proper. Accordingly, the judgment of the trial court is affirmed.

Donofrio, J., concurs.

Waite, J., concurs.