In re William David MAYNARD, Debtor.

Bankruptcy No. 1-83-00537.

United States Bankruptcy Court, S.D. Ohio, W.D.

May 19, 1983.

Robert A. Goering, Cincinnati, Ohio, for debtor.

Saul A. Fettner, Cincinnati, Ohio, for petitioner, Linda Maynard.

## DECISION

BURTON PERLMAN, Bankruptcy Judge.

In this Chapter 7 bankruptcy case, debtor filed Motion to Enforce Automatic Stay. The Motion recited that Linda Maynard (divorced wife of debtor) had moved in the Hamilton County Common Pleas Court to hold him in contempt, in violation of the automatic stay of 11 U.S.C. § 362. Debtor also referred in his Motion to the fact that he had filed a complaint in this Court to determine dischargeability of the debt of Linda Maynard ("Respondent" in the present motion.) Since it was represented to us at the time of the filing of the Motion here that a hearing was set for the following day, May 4, 1983, on the contempt matter in the Common Pleas Court, we issued a temporary restraining order against Respondent from so proceeding, and set a hearing for May 11, 1983 in this Court. That hearing was held.

At the hearing the following undisputed facts emerged. The decree, whether of divorce or dissolution is not made clear, in the Domestic Relations Division of the Hamilton County Common Pleas Court was issued October 1, 1982. The Decree contains certain provisions which are now the subject of a dischargeability dispute between the parties. Debtor filed his bankruptcy petition on March 2, 1983, and on April 19, 1983 filed a complaint here to determine dischargeability with respect to the provisions of the divorce decree to which we have alluded. Linda Maynard, defendant in the adversary proceeding, filed an answer on April 26, 1983. On the same day, April 26, 1983, she filed her motion to punish for contempt in the state court.

In the contempt motion two kinds of relief are sought. The first has to do with an alleged failure to comply with the language of the Decree: "Until the residence is sold, the husband shall make the monthly mortgage payments, pay the utilities and the repairs...". The second ground for relief is a change in the order with respect to child support. In his adversary proceeding filed in this Court, debtor filed a complaint seeking declaratory relief as to the dischargeability of certain obligations specified to be "the obligation to make payments on a former residence of the parties until same was sold, and to pay utilities and repairs therefore." It will thus be seen that, except for the pursuit in the contempt motion for an alteration in support payments, the relief sought in that motion and the relief sought in the adversary proceeding here are identical. (With respect to alteration of the support payments, we announced at the hearing that in any case that was not a matter of which this court would take cognizance, and Respondent was

free to take what action she desired in the state court.)

The question presented to us for decision is in which forum, state or federal, should resolution of the dischargeability question go forward. Clearly, considerations of judicial economy do not allow it to proceed in both. We have concluded that in the circumstances of the present case, the dischargeability issue should proceed here in the federal court. Further, we have concluded that the stay sought by plaintiff should be granted.

Debtors' complaint to determine dischargeability is based upon 11 U.S.C. § 523(a)(5), for in his complaint debtor seeks a declaration that the payments called for are not in the nature of alimony, maintenance, or support of a spouse or child. The adversary proceeding commenced by the complaint is a civil proceeding arising under Title 11 of the United States Code. In 528 U.S.C. § 1471(b), the District Courts are granted "original but not exclusive" jurisdiction of such civil proceedings. (While *Northern Pipeline Construction Company v. Marathon Pipeline Company,* —— U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) held unconstitutional the direction of 28 U.S.C. § 1471(c) that the Bankruptcy Court exercise such jurisdiction which had been conferred upon the District Courts, nevertheless this court does have jurisdiction of the adversary proceeding in question. This follows from Order of the District Court for the Southern District of Ohio filed December 23, 1982, entitled In Re Operation of the Bankruptcy Court System, where the District Court conferred upon us its jurisdiction in certain bankruptcy matters. The conferring of jurisdiction in this manner was held constitutional in *White Motor Corporation v. Citi Bank, et al.,* 704 F.2d 254 (6th Cir.1983).) Because 28 U.S.C. § 1471(b) expressly states that the District Courts shall have "original but not exclusive jurisdiction" over civil proceedings arising in bankruptcy, claims of dischargeability may also be litigated in State Courts. While certain dischargeability matters, those designated in § 523(c) are for practical purposes for the exclusive disposition by the Federal Court, claims involving § 523(a)(5), that provision with which we are here dealing, is not one of those. See 3 *Collier on Bankruptcy* (15th ed.) ¶ 523.15[6], p. 523–115–116.

There is no real dispute between the parties that the jurisdiction of this Court and that of the state court are concurrent with respect to the dischargeability matter here at issue. Nor is there disagreement with the general proposition that where there is concurrent jurisdiction, the court whose power is first invoked acquires the right to make an adjudication to the exclusion of other tribunals. See 20 Am.Jur.2d 481, § 128. The essential question for decision here is how that proposition is going to be applied in the present circumstances. In favor of a conclusion that dischargeability should be litigated in the state court, it is Respondent's position that the contempt motion in the state court is not a new suit, but relates back to the petition for divorce or dissolution filed in August of 1982. The jurisdiction of the Juvenile Division of the Hamilton County Common Pleas Court in the contempt motion, the argument goes, is continuing and relates back to the date of the petition. See *Addams v. State Ex Rel Hubbell* 104 Ohio St. 475, 135 N.E. 667. It is clear from the position of debtor, that our jurisdiction attaches upon the filing of the dischargeability complaint, and this gives him priority, that he disagrees with that analysis. We find that disagreement well founded. We disagree that jurisdiction in the contempt motion relates back to the date of the petition.

Our conclusion that jurisdiction in the contempt motion does not relate back is justified by the unique nature of the dischargeability question. Its uniqueness resides in the fact that until a bankruptcy case is filed, no question of dischargeability of a debt can exist. This uniqueness brings into play a well recognized caveat to the usual rule, that the priority principle for cases involving concurrent jurisdiction applies only when the cases involved are identical as to subject matter and relief sought. 20 Am.Jur.2d 483, § 131. The issues in the

original petition in the divorce court, because that petition was filed before the bankruptcy case, simply does not and cannot comprehend the issues in the dischargeability case. We therefore hold that jurisdiction in the contempt motion for present purposes does not relate back to the date of the petition. We hold that priority is determined by consideration of the filing dates of the dischargeability complaint in this court versus that of the proceeding in the state court which raises the issue of dischargeability, the contempt motion. The dischargeability complaint in this court having been filed first, that proceeding will proceed, and Respondent will be restrained from proceeding in the state court on this issue. Because complex issues would have to be dealt with were we to attempt to ground an injunction to this effect on § 362 as prayed by debtor, we instead base the injunction upon § 105.

Debtor will present an entry forthwith.