**In re Ronnie Eugene POLLEY, Debtor.**

**Ronnie Eugene POLLEY, Plaintiff,**

**v.**

**Beth Polley SPANGLER, Defendant.**

**Bankruptcy No. 1–86–01859.**
**Adv. No. 1–86–0266.**

United States Bankruptcy Court,
S.D. Ohio, W.D.

June 4, 1987.

Conrad A. Curren and James B. Grandey, Greenfield, Ohio, for defendant.

Jon C. Hapner, Hillsboro, Ohio, for plaintiff.

## DECISION AND ORDER GRANTING MOTION TO DISMISS

BURTON PERLMAN, Bankruptcy Judge.

This adversary proceeding was filed to determine the dischargeability of a debt pursuant to 11 U.S.C. § 523(a)(5). The plaintiff, a debtor in this court and the former husband of the defendant, states that the debts which he agreed to be responsible for in the parties' separation agreement are not in the nature of alimony, maintenance, or support and are therefore dischargeable in bankruptcy. The defendant filed an answer to the case and stated that this court lacks jurisdiction to determine dischargeability because a decision on that issue has been made by the court of Common Pleas of Highland County, Ohio.

Defendant has now filed a motion to dismiss the complaint stating that the plaintiff is collaterally estopped from raising the issue of dischargeability. Attached to the motion are portions of the record from the state court proceedings in Highland County, Ohio, including a motion to cite the plaintiff for contempt, an affidavit filed by the defendant, a motion to dismiss filed by the plaintiff, a memorandum in opposition to that motion, the complete transcript of the proceeding which took place November 28, 1986 and the decision rendered by the court on December 2, 1986. The plaintiff in this proceeding has not filed a memorandum contra to the motion to dismiss, nor supplemented the record of the state court proceeding filed with this court.

Since the motion to dismiss presents matters outside the pleadings, we treat it as a motion for summary judgment pursuant to Bankruptcy Rule 7056. *See* Bankruptcy Rule 7012(b).

The relevant chronology of events must be detailed and is not disputed. The parties hereto were granted a dissolution of marriage on February 7, 1986. As part of that dissolution, they entered into a separation agreement in which plaintiff agreed to pay certain joint debts and hold defendant harmless thereon. The plaintiff then filed a voluntary bankruptcy petition on May 30, 1986 and was granted a discharge on September 26, 1986.

The defendant then filed on October 22, 1986, a motion to cite plaintiff for contempt for failing to obey the state court order of February 7, 1986, alleging that plaintiff had failed to hold her harmless on certain debts. On November 24, 1986, plaintiff responded to that motion by filing a motion to dismiss, stating that the debts had been discharged in bankruptcy and that an automatic stay was in place. Defendant filed a memorandum in opposition on November 28, 1986, arguing that the automatic stay did not apply after a discharge and that the debts were nondischargeable pursuant to 11 U.S.C. § 523(a)(5).

A hearing was held November 28, 1986, a complete transcript of which is attached to the motion. At the hearing, the parties gave testimony and the court heard argument on whether or not the hold harmless provision was intended as alimony or support.

The judge rendered a decision December 2, 1986, stating that "the question before the court is whether or not the agreement of the parties, January 29, 1986, wherein

Article 7 provides for the husband 'to be responsible for the payment of and hold wife absolutely harmless from the following debts of the marriage' contains an expression of alimony which is nondischargeable in bankruptcy, inasmuch as the husband herein considered a few weeks after the decree went on record February 7, 1986 to file bankruptcy and did so in June, 1986, having requested his wife join him in such filing." The court determined the debt was in the nature of alimony and therefore nondischargeable.

The complaint to determine dischargeability in this court was filed December 23, 1986, 21 days after the state court had rendered a decision. Plaintiff asks this court "to issue an order restraining the defendant ... from pursuing the contempt proceedings in the Common Pleas Court of Highland County, Ohio, until the question of dischargeability of the debts to the creditors named herein as [sic] determined by this Court."

It is clear that the state court has concurrent jurisdiction to hear and determine the dischargeability of debts under 11 U.S.C. § 523(a)(5), providing that a federal standard concerning a determination of alimony is used in reaching a decision. *In re Brock,* 58 B.R. 797 (Bankr.S.D.Ohio 1986); *In re Maynard,* 30 B.R. 279 (Bankr.S.D. Ohio 1983); *In re Mercer,* 14 B.R. 1002 (Bankr.S.D.Ohio 1981). It is undisputed that the state court decided the issue of nondischargeability before the adversary proceeding was filed in bankruptcy court.

Defendant argues that the adversary proceeding should be dismissed because the plaintiff is barred by the doctrine of collateral estoppel from relitigating the issue of dischargeability. In determining what preclusive effect to give to a prior state court decision, federal courts must give the same effect to that judgment as would be given it under the law of the state which rendered it. 28 U.S.C. § 1738; *Migra v. Warren City School District Board of Education,* 465 U.S. 75, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984).

This court recognizes that there is a distinction between res judicata and collateral estoppel. As stated in the Sixth Circuit case, *City of Canton v. Maynard,* 766 F.2d 236 (6th Cir.1985):

[T]here are two branches of res judicata, claim preclusion and issue preclusion. Under the claim preclusion branch, an earlier final judgment on the merits precludes a party from raising an issue in new litigation that should have been advanced in the earlier proceedings. *See Migra,* 104 S.Ct. at 894 n. 1; *Duncan v. Peck,* 752 F.2d 1135, 1138 (6th Cir.1985). *See generally* 18 C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure* § 4402 (1981). Under the issue preclusion branch, "parties are precluded from relitigating an issue of law or fact which was necessarily decided in a previous final judgment." *Employees Own Federal Credit Union v. City of Defiance, Ohio,* 752 F.2d 243, 245 (6th Cir. 1985).

\*      \*      \*      \*      \*      \*

While some courts have held that where a state court has rendered a final appealable determination of dischargeability, an action in the bankruptcy court is barred by res judicata, *Pares v. Pares,* 428 F.Supp. 1005 (E.D.Wis.1977); *In re Peterman,* 5 B.R. 687 (Bankr.E.D.Pa.1980), it is not res judicata, but collateral estoppel or issue preclusion which is the proper doctrine to apply to these particular facts.

The analysis to be used to determine whether a state court decision has a collateral estoppel effect on a bankruptcy court on the issue of dischargeability, is set forth in *Spilman v. Harley,* 656 F.2d 224 (6th Cir.1981). There, the court stated: "Collateral estoppel requires that the precise issue in later proceedings has been raised in the prior proceeding, that the issue is actually litigated and that the determination was necessary to the outcome."

From the portions of the state court record which have been submitted by the defendant with the motion, it is clear that the precise issue of the nondischargeability of the hold harmless provision was raised in the motion for contempt in the state court proceeding, that that particular issue was actually litigated at the hearing held

on November 28, 1986, and that the determination of the nondischargeability was necessary to the outcome, as evidenced by the decision of the state court judge of December 2, 1986.

At the pretrial conference, plaintiff's attorney argued that the state court decision did not discuss or refer to *In re Calhoun*, 715 F.2d 1103 (6th Cir.1983), the lead Sixth Circuit case on the issues of dischargeability and therefore the decision could not be res judicata. However, from our review of the state court record, we find that the judge used the federal standard concerning determination of alimony in reaching his decision. Furthermore, res judicata or collateral estoppel consequences of a final unappealed judgment on the merits are not altered by the fact that the judgment may have been wrong. *Goss v. Goss*, 722 F.2d 599 (10th Cir.1983). Therefore, defendant's motion to dismiss is granted.

So Ordered.