**In the Matter of Gary Anthony PELOSO and Deborah Ann Peloso, Debtors.**

**Gregory CHAPINS and Janet Chapins, Plaintiffs,**

v.

**Gary Anthony PELOSO, Defendant.**

**Bankruptcy No. 89 B 20064.**

**No. 89 Adv. 6064.**

United States Bankruptcy Court, S.D. New York.

Nov. 14, 1989.

Moloney & Anker White Plains, N.Y., for plaintiffs.

Shatz, Meier & Scher, New York City, for defendant.

### DECISION ON MOTION TO DISMISS DISCHARGEABILITY COMPLAINT

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The Chapter 7 debtors, Gary Peloso and his wife, Deborah Ann Peloso, have moved to dismiss the complaint filed by the plaintiffs, Gregory Chapins and his wife, Janet Chapins, on the ground that the complaint is time barred. The plaintiffs allege in their complaint that they are creditors of the debtors and seek a judgment in the sum of $350,000 which they contend should

be determined as nondischargeable under 11 U.S.C. § 523 for various reasons including false representations, fraud, a false written statement respecting the debtor's financial condition, fiduciary fraud and defalcation and willful and malicious injury by the debtors to the plaintiffs' property. The damages claimed by the plaintiff are alleged to have arisen in connection with payments which the plaintiffs contend they made to the debtor, Gary Peloso, for the alteration and remodeling of the plaintiff's home in Yonkers, New York.

## FACTS

On February 1, 1989, the debtors, Gary and Deborah Ann Peloso, filed with this court their voluntary joint petition for Chapter 7 relief under 11 U.S.C. § 302. The debtors did not list the plaintiffs as creditors in their schedule of creditors filed with °the petition.

Pursuant to an order and notice issued by this court dated February 9, 1989, a meeting of creditors was set for March 29, 1989. Additionally, May 30, 1989 was the last date fixed for the filing of objections to the debtor's discharge and as the last day for the filing of complaints to determine the dischargeability of any debts pursuant to 11 U.S.C. § 523(c). The order and notice also stated if no complaint to determine the dischargeability of a debt under 11 U.S.C. § 523(a)(2), (4) or (6) was filed on or before May 30, 1989, that such debt may be discharged.

A discharge hearing was scheduled for June 6, 1989. The discharge hearing was held and closed. No objections to discharge or to the dischargeability of the debtors' obligations were filed before May 30, 1989. On June 20, 1989, the meeting of creditors was held and then adjourned to July 25, 1989, at which time the meeting was adjourned to September 11, 1989, when it was closed. On September 15, 1989, this court entered an order discharging the debtors in accordance with 11 U.S.C. § 727. On September 18, 1989, this court entered an order discharging the trustee in bankruptcy and closing the case.

On October 3, 1989, the plaintiffs filed with this court their complaint to determine the dischargeability of the debtors' debts. The specific subsections under 11 U.S.C. § 523 upon which the plaintiffs rely are not stated. However, the language contained in the various causes of action in the complaint tracks the grounds delineated under subsections (2), (4) and (6) of § 523(a), all of which had to be filed on or before the May 30, 1989 deadline set by order of this court. However, the plaintiffs rely upon the fact that on August 4, 1989, the debtors amended their schedules as they were entitled to do without leave of court, and as permitted under Bankruptcy Rule 1009(a), in order to add the plaintiffs as additional creditors. The clerk automatically notified the plaintiffs that they were listed as creditors under the debtors' amended schedules and notified the plaintiffs that they could file a complaint to determine the dischargeability of the amended debts by October 3, 1989, notwithstanding that the last day to file a dischargeability complaint had already expired on May 30, 1989.

The debtors maintain that the complaint is time barred and that the plaintiffs had actual notice of the debtors' Chapter 7 petition by reason of a certified letter dated May 17, 1989 which counsel for the debtors mailed the plaintiffs in order to inform the plaintiffs that a pending State Court action which they commenced against the debtors had to be halted because of the debtors' Chapter 7 petition and the automatic stay imposed under 11 U.S.C. § 362.

## Discussion

Not having been listed as creditors before the May 30, 1989 deadline for creditors to object to the debtors' discharge or to the dischargeability of their claims, the plaintiffs are not bound by the bar date prescribed under Bankruptcy Rule 4007(c) for filing a complaint alleging the grounds delineated under 11 U.S.C. § 523(c). Bankruptcy Rule 4007(c) provides as follows:

(c) A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held

pursuant to § 341(a). The court shall give all creditors not less than 30 days notice of the time so fixed in the manner provided in Rule 2002. On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired.

The debtors did not comply with 11 U.S.C. § 521(1) and list the plaintiffs as creditors until after the 60 day period prescribed under Bankruptcy Rule 4007(c) had expired. Therefore, the plaintiffs are entitled to rely upon 11 U.S.C. § 523(a)(3)(B) which does not discharge an individual debtor from debts specified in paragraphs (2), (4) or (6) of § 523(a) unless the creditors had notice or actual knowledge of the case in time to file a complaint to determine the dischargeability of their debts.

There were no exceptional circumstances presented in this case which would justify the court to exercise the equity powers authorized under 11 U.S.C. § 105(a) to extend the creditors' time for filing an objection to the debtors' discharge, nor did the creditors apply to the court for an extension of time as in *In re Greene*, 81 B.R. 829 (Bkrtcy.S.D.N.Y.1988) *aff'd*, 103 B.R. 83 (S.D.N.Y.1989). Therefore, the plaintiffs' claims would be protected from discharge so long as they had no knowledge of the case so as to permit the timely filing of a proof of claim and a dischargeability complaint. The clerk's notice to the plaintiffs after the debtors belatedly added the plaintiffs as creditors constituted official notice of the amendment to add the plaintiffs as creditors so that the plaintiffs might, if they wished, file a nondischargeability complaint to the effect that their claims were not discharged because they were neither listed nor scheduled in time to file an objection to the dischargeability of their debts, as provided under 11 U.S.C. § 523(a)(3)(B). The debtors would then have to establish that the plaintiffs had notice or actual knowledge of the case in time to file such a complaint. The clerk's notice to the plaintiffs did not have the effect of extending their time to file a complaint pursuant to 11 U.S.C. § 523(a)(2), (4) or (6) because such extension was unnecessary. Moreover, the clerk's notice to the plaintiffs that they were belatedly added as creditors could not limit the time for filing a dischargeability complaint under 11 U.S.C. § 523(a)(3)(B) because Bankruptcy Rule 4007(b) provides that a complaint other than under § 523(c) may be filed at any time, even after the case was closed.

Accordingly, the plaintiffs' complaint is not time barred, although the grounds for nondischargeability should be bottomed on 11 U.S.C. § 523(a)(3)(B) and not § 523(a)(2), (4) or (6). The debtors may include in their answer as a defense the issue that the plaintiffs had notice or actual knowledge in time for them to file a dischargeability complaint. The issue of notice or actual knowledge raises a question of fact which cannot be determined on a motion to dismiss the complaint.

### Conclusions of Law

1. This court has jurisdiction of the subject matter and the persons in accordance with 28 U.S.C. § 1334 and 28 U.S.C. § 157(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

2. The debtors' motion to dismiss the complaint as time barred is denied because the plaintiffs were not timely scheduled as creditors in accordance with 11 U.S.C. § 523(a)(3)(B) and Bankruptcy Rule 4007(c).

3. The debtors may raise the issue as to the plaintiff's notice or actual knowledge of the case in time to file a dischargeability complaint as a defense in their answer which shall be served within twenty days from the date of this order.

It is so ordered.