**In re Lenora Rennard BANKS–DAVIS, Debtor.**

**Bankruptcy No. 90–31636–S.**

United States Bankruptcy Court,
E.D. Virginia,
Richmond Division.

Oct. 22, 1992.

William A. Forrest, Jr., Sands, Anderson, Marks & Miller, Richmond, VA, Leonard E. Starr, III, Farmer, Starr & Holmes, Sandston, VA, for debtor.

## MEMORANDUM OPINION

BLACKWELL N. SHELLEY,
Bankruptcy Judge.

This matter comes before the Court upon the motion of Davis Shop, Inc. ("Davis Shop") to reopen Bankruptcy Case No. 90–31636–S pursuant to 11 U.S.C. § 350(b) and F.R.B.P. 5010.

After considering the evidence presented and the arguments of counsel heard on May 11, 1992, and the parties' memoranda, the Court makes the following findings of fact and conclusions of law.

### FINDINGS OF FACT

Davis Shop was a Virginia corporation whose existence was terminated by the Corporation Commission of the Commonwealth of Virginia on September 1, 1990, for failure to pay required annual fees.

Lenora Rennard Banks–Davis ("Banks–Davis" or "debtor") was president of Davis Shop, James E. Washington ("Washington") was vice president, and Sandra Dabney ("Dabney") was secretary. Banks–Davis, Washington, and Dabney were each directors of Davis Shop as well as equity shareholders in the amounts of 60%, 20%, and 20%, respectively.

Banks–Davis filed a petition for relief under Chapter 7 of 11 U.S.C. § 101 *et seq.* on May 23, 1990. The 11 U.S.C. § 341 meeting of creditors was held on June 27, 1990. On September 12, 1990, a discharge was granted to Banks–Davis and the case was closed on September 19, 1990.

Washington and Dabney, on behalf of Davis Shop, filed the motion to reopen this case under 11 U.S.C. § 350(b) and Federal Rule of Bankruptcy Procedure 5010. Both the code section and the rule allow a case to be reopened on motion of any party. Davis Shop seeks to reopen the case to allow the filing of a complaint to determine the dischargeability of a debt pursuant to 11 U.S.C. § 523(a)(3)(B).[1] As grounds for an exception to discharge under 11 U.S.C. § 523(a)(3)(B), Davis Shop alleges:

1) a defalcation by Banks–Davis in her fiduciary capacity as president, director, and majority shareholder of Davis Shop in the nature of § 523(a)(4);

2) a failure to list Davis Shop as a creditor under § 521(1) which prohibited timely filing of a proof of claim and a complaint to determine dischargeability under § 523(a)(4) and (c)(1); and

3) a concealment of the defalcation and debt owing to Davis Shop, denying the other officers and shareholders an opportunity to timely file a proof of claim or complaint to determine the dischargeability of the obligations resulting from Banks–Davis' defalcation.

*See* Davis Shop Motion To Reopen Case, filed March 19, 1992, at ¶¶ 6–15.

Banks–Davis argues that the motion to reopen should be denied as the underlying complaint to determine dischargeability is untimely pursuant to 11 U.S.C. § 523(c)[2] and F.R.B.P. 4007.[3] The debtor argues that the complaint to determine the dis-

chargeability of a debt on the grounds of defalcation in a fiduciary capacity must be brought under 11 U.S.C. § 523(a)(4); that § 523(c)(1) describes the manner in which a creditor must bring an action under (a)(4); and that F.R.B.P. 4007(c) places a time limit on when § 523(a)(4) actions must be filed: not later than sixty days following the first date set for the meeting of creditors. The debtor asserts that the filing of a complaint to determine dischargeability would be untimely in light of § 523(c) and Fed.R.Bankr.P. 4007(c), and that the motion to reopen for the purpose of filing such a complaint should be denied.

## CONCLUSIONS OF LAW

I. Proper Parties; Continuing and Concurrent Jurisdiction

1. *Proper parties to bring a action in the name of a defunct corporation*

■ Following the termination of the existence of a corporation, the directors, officers, or shareholders of the corporation may bring an action for any right or claim existing prior to such termination. Va. Code § 13.1–755. Washington and Dabney, as directors, officers, and shareholders, are therefore proper parties to bring this action in the name of Davis Shop.

2. *Continuing jurisdiction over closed cases*

■ Although as a general rule jurisdiction over bankruptcy proceedings ceases

---

**1.** 11 U.S.C. § 523 Exceptions to discharge.

(a) A discharge ... does not discharge an individual debtor from any debt—

(3) neither listed nor scheduled under § 521(1) of this title with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—

(B) if such debt is of a kind specified in paragraph 2, 4, or 6 of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case and time for such timely filing and request.

**2.** 11 U.S.C. § 523(c).

(1) Except as provided in subsection (a)(3)(B) of this section, the debtor shall be discharged from a debt of a kind specified in paragraph 2, 4, or 6 of subsection (a) of this section

unless on request of the creditor to whom such debt is owed and after notice and a hearing the court determines such debt to be excepted from discharge under paragraph 2, 4, or 6 as the case may be of subsection (a) of this section.

**3.** Rule 4007. Determination of dischargeability of a debt. Subsection (c).

A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than sixty days following the first date set for the meeting of creditors held pursuant to § 341(a). The court shall give all creditors not less than thirty days notice of the time so fixed in the manner provided in Rule 2002. On motion of any party in interest after hearing on notice the Court may for cause extend the time fixed under this subdivision. The motion shall be made before the time is expired.

with the closing of the bankruptcy estate, *see In re Rush,* 49 B.R. 158 (Bankr. N.D.Ala.1985), this Court believes that it was the intention of Congress that bankruptcy jurisdiction continues for the purpose of deciding proceedings "arising under" title 11 despite the closing of the case. *In re GWF Investments, Ltd.,* 85 B.R. 771, 780 (Bankr.S.D.Ohio 1988). For a bankruptcy court to retain jurisdiction of a case after closing, the party must be claiming a right or remedy created by one of the specific sections of title 11 U.S.C. § 101 *et seq. Id.* at 775. Davis Shop's complaint to determine dischargeability of debt under § 523(a)(3)(B) arises under a specific provision of the Bankruptcy Code. This Court retains jurisdiction to hear the adversary proceeding even though the case has been closed.

### 3. *Concurrent jurisdiction with non-bankruptcy courts*

■ While retaining jurisdiction to hear adversary proceedings arising under the Code after a case is closed, the bankruptcy court is not the sole forum that can hear complaints to determine dischargeability. Although the bankruptcy court does have exclusive jurisdiction to determine dischargeability of debts that arise out of fraud or wilful and malicious injury (*see* 11 U.S.C. §§ 523(a)(2), (4), and (6)), complaints arising under other subsections of § 523(a), such as § 523(a)(3)(B) in this case, can be brought in nonbankruptcy (state) forums with which the bankruptcy court would share concurrent jurisdiction. *Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979) (deciding dischargeability jurisdiction under Bankruptcy Act § 17); *In re Cheripka,* No. 91–3249, 1991 WL 276289, 1991 U.S.App. LEXIS 30343 (3rd Cir.1991); *In re Bercier,* 934 F.2d 689 (5th Cir.1991); *see* Fed.R.Bankr.P. 4007 advisory committee's note. The debtor sued in a nonbankruptcy forum would have a right to remove the proceeding to the United States Bankruptcy Court under 28 U.S.C. § 1452(a). *Galbreath v. Illinois Department of Revenue,* 83 B.R. 549, 17 B.C.D. 443, 445 (1988).

## II. Motions to Reopen and Complaints to Determine Dischargeability

■ A motion to reopen a closed case is not necessary prior to the filing of a complaint to determine dischargeability under 11 U.S.C. § 523(a)(3)(B). A case may be reopened "to administer assets, to accord relief to the debtor, or for other cause." It appears to the Court that Davis Shop would have this Court read "for other cause" to mean the filing of an adversary proceeding under 11 U.S.C. § 523(a)(3)(B). This Court declines to interpret reopening a case "for cause" to mean for the filing of a complaint to determine dischargeability. A complaint to determine dischargeability, other than under § 523(c), may be filed at any time. Fed.R.Bankr.P. 4007(b). In spite of the language in Rule 4007 which seems to require reopening a case for the purposes of filing a complaint under § 523, it is the opinion of the Court that Davis Shop can initiate an adversary proceeding under 11 U.S.C. § 523(a)(3)(B) in a closed case without the necessity of first prevailing in a motion to reopen.

■ The debtor bases its defense on section 523(c) which discharges a subsection (a)(4) defalcation debt unless the creditor requests, after notice and hearing, a determination of dischargeability within the sixty days time limit following the first date set for the meeting of creditors. Fed. R.Bankr.P. 4007(c). However, section 523(c) also states "except as provided in subsection (a)(3)(B) of this section." Although Banks–Davis is correct that § 523(c)(1) requires that a § 523(a)(4) defalcation complaint must be filed not later than sixty days following the first date set for the meeting of creditors, Davis Shop desires to bring a complaint to determine dischargeability under § 523(a)(3)(B). This exception exempts § 523(a)(3)(B) debt from the time limits of Rule 4007 and § 523(c). Section § 523(a)(3)(B) necessarily incorporates § 523(a)(2), (4), and (6), but it is nonetheless a distinct and separate subsection not limited to the same sixty day filing deadline which § 523(c) and Fed.R.Bankr.P. 4007(c) impose on § 523(a)(2), (4), and (6).

*In re Peloso,* 107 B.R. 31 (Bankr.S.D.N.Y. 1989).

### III. Validity of Davis Shop's § 523(a)(3)(B) Complaint

Under 11 U.S.C. § 523(a)(3)(B) a debt which is of the kind specified in subsection (a)(2), (4), or (6) will be determined nondischargeable if the creditor was neither listed nor scheduled in time for the creditor to file a timely proof of claim and to timely request a determination of dischargeability of the debt. An additional element of dischargeability under subsection (a)(3)(B) requires that the creditor must not have had notice or actual knowledge of the case in time to permit the timely filing of a proof of claim and a timely request for determination of dischargeability. 11 U.S.C. § 523(a)(3)(B).

■ Therefore, to prove a debt nondischargeable under § 523(a)(3)(B), the Davis Shop must prove: (1) that it has a viable complaint under subsection (a)(2), (4), or (6); (2) that it was neither listed nor scheduled as a creditor in time to permit the timely filing of a proof of claim and the timely request for a determination of dischargeability of the debt; and (3) that it had no notice nor actual knowledge of the case in time to file a proof of claim or request for a determination of dischargeability.

■ Washington testified that the alleged defalcation consisted of the misappropriation of corporate funds of Davis Shop to pay personal debts of Banks–Davis as well as some of the business expenses of Simply Elegant, a separate business owned by Banks–Davis. Washington further testified that as of May 1989 he was aware of the alleged improprieties and had contacted an attorney in an effort to resolve the matter. He admits to being aware of the filing of the Banks–Davis Chapter 7 bankruptcy case one year later in May, 1990. Washington was listed as a creditor on Banks–Davis' schedules and attended the § 341 meeting of creditors in June, 1990.

The Court therefore finds that while Washington may not have been active in the affairs of Davis Shop, he had actual knowledge of the Banks–Davis bankruptcy filing and, in his capacity as a corporate officer of Davis Shop, had sufficient knowledge of the alleged defalcation in time to file a proof of claim and to timely request a determination of the dischargeability of the debt on behalf of Davis Shop. The Court notes that because the case was considered at its inception to be a "no asset, no distribution" case, no date was set for filing proofs of claim.

Based on these findings and a finding of a lack of necessity of reopening the case prior to the filing of a complaint to determine the dischargeability of a debt, the Court finds that Davis Shop's § 350 motion to reopen should be denied.

■ At the hearing on Davis Shop's motion to reopen, Robert Marks ("Marks"), a secured creditor duly scheduled by the debtor, requested that the Court reopen this case in order for him to bring an action to determine the dischargeability of his debt. Marks testified at the hearing that, although he did receive notice of the debtor's bankruptcy filing and attended the meeting of creditors, he did not become aware of the alleged defalcation until after the closing of the case.

The Court declines to address the contentions of Marks. Marks is not a party to this action. Davis Shop, through its representatives, filed the motion to reopen presently before the Court.

An appropriate order will issue in conformity with this opinion.

### ORDER

This matter comes before the Court upon the motion of Davis Shop, Inc. to reopen Bankruptcy Case No. 90–31636–S pursuant to 11 U.S.C. § 350(b) and Fed.R.Bankr.P. 5010.

For the reasons stated in the opinion entered contemporaneously herewith, it is hereby

ORDERED that the motion to reopen be DENIED.

The Clerk is directed to forward a copy of this order to counsel for Davis Shop, Inc., and counsel for the debtor.