**In re Kevin R. MILBURN, Debtor.**

**Bankruptcy No. 3–91–04178 (2).**

United States Bankruptcy Court,
W.D. Kentucky.

Jan. 16, 1998.

Robert Wayne Grant, Louisville, KY, for Debtor.

Kurt Hoskins, Louisville, KY, for Creditor.

## MEMORANDUM-OPINION

J. WENDELL ROBERTS, Bankruptcy Judge.

This bankruptcy action was reopened on August 15, 1997, upon the Motion of the Debtor, Kevin R. Milburn ("Debtor"), to Re-open Case to Enforce Discharge Injunction, and his accompanying Complaint to hold his former wife, Lori A. Milburn (now Cessna), in contempt of Court as a result of her attempts to enforce the Hold Harmless clause of the parties' Separation Agreement. In support of Debtor's Motion and Complaint, Debtor asserts that the debt upon which his former wife ("Defendant") seeks to recover was discharged in his bankruptcy action.

This Court has fully reviewed the entire file, including the various briefs filed by both parties and the attached exhibits, and has conducted its own research on this matter due to the failure of both parties to cite significant authority. Based upon this review, the Court finds that the issue of dischargeability of the debt owed to the Defendant has already been litigated and decided by the State Court. Accordingly, Debtor is collaterally estopped from relitigating that issue again in this forum. Consequently, Debtor's Motion seeking injunctive relief is overruled and the Complaint for Contempt is dismissed with prejudice.

## FACTS

The parties to this action were divorced in April of 1991. At the time of the divorce, the parties were jointly obligated on a debt in the amount of $4,000.00 owed to First Select Visa. In their divorce action, the parties entered into a Property Settlement Agreement which, among other things, allocated responsibility for the First Select Visa debt to Debtor. The Agreement additionally contained a Hold Harmless clause, whereby Debtor agreed to hold Defendant harmless with regard to the First Select Visa debt.

Thereafter, on November 1, 1991, Debtor filed for protection under Chapter 7 of the Bankruptcy Code. Debtor listed First Select Visa as a creditor in his Schedules, and listed Defendant as a co-debtor on that obligation. Debtor did not, however, list his obligation to his former spouse under the Separation Agreement, the Hold Harmless clause or the indemnification obligation. Nor did he list Defendant as a creditor. Accordingly, Defendant was not included on the mailing matrix and was not sent formal notice of the Debtor's bankruptcy action. There is some question as to whether Defendant received verbal notice of the proceeding. Debtor asserts that he personally notified Defendant by telephone of the bankruptcy action, but Defendant denies receiving any notice.

On February 14, 1992, Debtor received a discharge of all scheduled debts, including *First Select Visa*. Thereafter, on November 3, 1992, First Select Visa filed a debt collection action against Defendant, as the co-debtor on that debt. That lawsuit remained dormant for several years and finally, in October of 1995, Defendant filed a Third–Party Complaint against Debtor. In May of 1996, a Summary Judgment was entered against Defendant in favor of First Select Visa. It is unknown whether a judgment was entered against Debtor in that action pursuant to the Third–Party Complaint.

Defendant paid the debt owed to the First Select Visa in the amount of $4,000.00, and thereafter demanded Debtor to honor the

Hold Harmless provision of their Separation Agreement by reimbursing her the $4,000.00. When Debtor refused, Defendant sought relief from the Franklin Circuit Court, on January 16, 1997. The Circuit Court then referred the matter to the Domestic Relations Commissioner.

Debtor defended the action by arguing that the debt owed to First Select Visa, along with any indemnification obligations to Debtor with regard thereto, were discharged in bankruptcy. Debtor voluntarily and fully participated in that proceeding, at no time seeking to stay those proceedings or remove the matter to the Bankruptcy Court. The Domestic Relations Commissioner tried the case on the issue of whether the debt had been discharged in Debtor's bankruptcy, and whether a discharge of that debt precluded Defendant from obtaining reimbursement from Debtor pursuant to the Hold Harmless provision of the parties' Separation Agreement.

Both parties appeared before the Commissioner, and put on proof, as well as presented arguments regarding the issue of dischargeability. After considering the evidence and arguments, the Commissioner recognized two obligations (1) one owed to First Select Visa; and (2) the second owed to Defendant pursuant to the Hold Harmless clause of the parties' Separation Agreement. While the Commissioner concluded that the debt owed to First Select Visa was discharged by Debtor's bankruptcy, the Commissioner found that the second obligation, to indemnify Defendant, was not discharged in the bankruptcy. The Commissioner found that Defendant had not received formal notice of the bankruptcy, and that it was questionable that she had received actual notice. The Commissioner concluded that, having failed to receive formal notice, Defendant did not have sufficient notice of the bankruptcy action to permit her to contest the dischargeability of her claim. Therefore, the Commissioner held her claim was not discharged in the bankruptcy. This Court notes that the Commissioner's holding is neither supported by the Bankruptcy Code nor the case law construing it. Nevertheless, Debtor did not appeal that ruling or file a Motion to Reconsider, Alter, Amend or Vacate the Judgment.

The Commissioner's Findings and Conclusions were entered on July 1, 1997. Having lost in that forum, Debtor then decided to try his luck in the bankruptcy forum, filing his Motion to Reopen and for Injunctive Relief, with the accompanying Complaint for Contempt on August 13, 1997. The determinative issue to the present action is, once again, the dischargeability of the indemnity obligation owed to Defendant.

### LEGAL DISCUSSION

■ Defendant asserts that the Debtor's obligation to indemnify her pursuant to the terms of the Hold Harmless provision of the parties' Separation Agreement is nondischargeable as an unlisted claim under 11 U.S.C. § 523(a)(3). Defendant takes the position that her claim is of such a nature as to have warranted classification as being nondischargeable under § 523(a)(5).[1] Franklin Circuit Court agreed with Defendant and entered Findings of Facts and Conclusions of Law in accordance with that position.

■ The State Court clearly had jurisdiction to hear and determine the parties' dischargeability action in this case. The bankruptcy court is not the sole forum that can hear complaints to determine the dischargeability of claims under § 523(a)(3). *Goss v. Goss*, 722 F.2d 599, 602–04 (10th cir.1983); *In re Banks-Davis*, 148 B.R. 810, 813 (Bankr.E.D.Va.1992); *In re Haga*, 131 B.R. 320, 326 (Bankr.W.D.Tex.1991). Rather, it is undisputed that the state courts have concurrent jurisdiction to hear such claims. *Banks–Davis*, 148 B.R. at 813–14; *In re Franklin*, 179 B.R. 913, 924 (Bankr.E.D.Cal. 1995); *Haga*, 131 B.R. at 326; *See In re Polley*, 74 B.R. 68, 70–71 (Bankr.S.D.Ohio 1987).

Two Federal Statutes allocate jurisdiction over actions to determine the dischargeability of certain claims: 28 U.S.C. § 1334 and 11

---

1. Defendant concedes that Debtor's bankruptcy predates the enactment of § 523(a)(15), applicable to debts incurred in the course of a divorce or separation. Thus, that nondischargeability provision is not, and would not have been, available to Defendant.

U.S.C. § 523(c). Section 1334 establishes the general rule regarding jurisdiction, providing for concurrent jurisdiction between the federal and state courts. *Banks–Davis,* 148 B.R. at 813–14; *In re Franklin,* 179 B.R. at 919; *Haga,* 131 B.R. at 326. Section 523(c), on the other hand, carves out an exception to the general rule of concurrent jurisdiction. Section 523(c) reserves exclusive federal jurisdiction over four of the sixteen categories of nondischargeable claims set forth in § 523(a). *Franklin,* 179 B.R. at 920; *Haga,* 131 B.R. at 325; *See Goss,* 722 F.2d at 604.

Specifically, § 523(a), entitled "Exceptions to discharge," enumerates sixteen categories of debts that are nondischargeable in bankruptcy if the debtor is an individual. § 523(a)(1)-(16). Section 523(c) has been interpreted as creating *exclusive federal* jurisdiction for actions brought to determine the dischargeability of claims under four of these sixteen categories: (1) § 523(a)(2), relating to debts incurred by fraud; (2) § 523(a)(4), relating to fiduciary misconduct, embezzlement or larceny; (3) § 523(a)(6), relating to willful and malicious injury; and (4) § 523(a)(15), relating to marital dissolution obligations that do not constitute alimony, maintenance or support, that would otherwise be nondischargeable under § 523(a)(5). *Franklin,* 179 B.R. at 926; *Banks–Davis,* 148 B.R. at 813–14; *See also Goss,* 722 F.2d at 602–604. This Court notes that § 523(a)(15) was added to the Bankruptcy Code by the 1994 amendments. Debtor's bankruptcy action predates that section, having been filed in 1991, and the discharge entered in 1992. Therefore, § 523(a)(15) is not applicable to Defendant's claim, as § 523(a)(15) cannot be applied retroactively. Consequently, Defendant's claim does not fall within the scope of any of the four § 523(a) nondischargeability categories requiring *exclusive federal* jurisdiction. The remainder of the § 523(a) nondischargeability actions, including § 523(a)(3), may be heard in either federal or state court. *In re Bercier,* 934 F.2d 689 (5th Cir.1991); *Franklin,* 179 B.R. at 922; *Banks–Davis,* 148 B.R. at 813 (*citing Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979)); *See also Goss,* 722 F.2d at 602 (deciding dischargeability jurisdiction under Bankruptcy Act § 17).

The Debtor, once sued in the nonbankruptcy forum, then had the right to remove the proceeding to the United States Bankruptcy Court under 28 U.S.C. § 1452(a). *Banks–Davis,* 148 B.R. at 813; *Galbreath v. Illinois Dept. Of Revenue,* 83 B.R. 549 (1988). However, the Debtor chose to fully participate in the State Court action. Having done so, and the State Court having heard evidence and arguments on the dischargeability issue and having rendered a decision with regard thereto, the Defendant is now collaterally estopped from relitigating the issue again in this forum. *Spilman v. Harley,* 656 F.2d 224, 226 n. 2 (6th Cir.1981); *Goss,* 722 F.2d at 602 and 604; *Polley,* 74 B.R. at 70–71.

■ Collateral estoppel applies when three requirements are met: (1) the issue sought to be precluded, in this case the nondischargeability of Defendant's claim under § 523(a)(3), is identical to that decided by the State Court; (2) the issue was actually litigated in the State Court proceeding; and (3) the State Court's determination of the issue was essential to the prior judgment. *Spilman,* 656 F.2d at 228; *See also Goss,* 722 F.2d at 604; *Polley,* 74 B.R. at 70. It is clear that the precise issue of the nondischargeability of the Hold Harmless provision of the parties' Separation Agreement was raised and actually litigated in the State Court proceeding, and that the determination of nondischargeability was necessary to the outcome, as evidenced by the Report and Recommendations of the Domestic Relations Commissioner entered on July 1, 1997. Thus, Debtor is collaterally estopped from pursuing the present matter before this Court.

■ Finally, if the state court's ruling is wrong, this Court is still without authority to correct it. The "consequences of a final, unappealed judgment on the merits [are not] altered by the fact that the judgment may have been wrong." *Federated Dep't. Stores v. Moitie,* 452 U.S. 394, 398, 101 S.Ct. 2424, 2428, 69 L.Ed.2d 103 (1981); *Goss,* 722 F.2d at 605; *Matter of Brady, Tex. Mun. Gas Corp.,* 936 F.2d 212 (5th Cir.1991), *cert. denied,* 502 U.S. 1013, 112 S.Ct. 657, 116 L.Ed.2d 748 (1991); *Polley,* 74 B.R. at 71.

The Debtor had a full and fair opportunity to present his case to the State Court, and he had a right to appeal the decision to the Kentucky Court of Appeals. Debtor is simply estopped from relitigating the same issue in the forum of the Federal Bankruptcy Court.

## CONCLUSION

For the above stated reasons, this Court by separate Order overrules Debtor's Motion for Injunctive Relief and dismisses with prejudice the Debtor's Complaint for Contempt.