**Glen L. BRANGAN and Joyce F. Brangan, Plaintiffs,**

**v.**

**UNITED STATES of America, Defendant.**

**Civ. A. No. 405–73–A.**

United States District Court, E. D. Virginia, Alexandria Division.

Dec. 11, 1973.

Glen L. Brangan, Joyce F. Brangan, pro se.

J. Frederick Sinclair, Asst. U. S. Atty., Alexandria, Va., for defendant.

## MEMORANDUM OPINION AND ORDER

ALBERT V. BRYAN, Jr., District Judge.

This is an action to recover an alleged overpayment of taxes for the year 1970. Jurisdiction is asserted pursuant to 28 U.S.C. § 1346(a)(1). The United States has moved to dismiss, contending that the plaintiffs, previously adjudicated bankrupts, have no standing to sue. That standing, says the United States, belongs only to plaintiffs' trustees in bankruptcy, in whom is vested the claimed refund, as "property" under § 70a(5) of the Bankruptcy Act, 11 U.S.C. § 110(a)(5).

Since resolution of the defendant's motion necessitates a consideration of the tax returns, defendant's affidavit and attachments and the bankruptcy proceedings, the motion will be treated as one for summary judgment.

The facts are not in dispute and a chronology of the relevant ones follows:

1. On September 25, 1970, the plaintiffs filed separate petitions in bankruptcy. Among the assets listed were a farm and certain stock in Brangan Associates, Inc. The claimed refund was not listed as an asset, which is understandable since the taxable year for which the refund is claimed had not expired.

2. On August 10, 1971, the plaintiffs filed their 1970 United States income tax return. It showed an overpayment of $1,713.95. The overpayment arose

because more in income taxes had been withheld than was subsequently due on their taxable income; this was because capital losses were taken by the taxpayers on the forced sale of the farm in the bankruptcy proceedings and on worthless stock in Brangan Associates, Inc. These two losses resulted in a net capital loss of $7,880.00, which ultimately was reflected in a tax liability of $1,713.95 less than the taxes withheld.

3. On September 11, 1971, this overpayment was applied by the United States toward a previous assessment due the United States, from Glen L. Brangan only, in the amount of $36,572.89. This liability had been listed by Glen L. Brangan in his bankruptcy petition. It is the propriety of applying the overpayment, which plaintiffs contend was their joint property, to an assessment against only one of them, which they seek to contest here.

4. On January 26, 1973, orders were entered in both bankruptcy proceedings discharging the plaintiffs in bankruptcy.

5. On March 30, 1973, and April 11, 1973, orders were entered in both bankruptcy proceedings discharging the trustees and closing the bankrupt estates of Glen L. Brangan and Joyce F. Brangan, respectively.

6. On September 11, 1973, this action was filed.

■ The question whether this type of refund is "property" within § 70a(5) is not free from doubt. *See* In Re Kokoszka, 479 F.2d 990 (2d Cir. 1973), cert. granted sub nom., Kokoszka v. Belford, 414 U.S. 1091, 94 S.Ct. 721, 38 L. Ed.2d 548 (1973), and cases cited therein. Plaintiffs make an appealing argument that since the bankruptcy proceedings did not relieve them of their obligation to file tax returns and pay any taxes found to be due, those proceedings should not be used to take from them the "ability to make an unencumbered fresh start." Segal v. Rochelle, 382 U.S. 375, 380, 86 S.Ct. 511, 515, 15 L.Ed.2d 428 (1966). The Court is of the opinion, however, that any right to this refund, accruing before the termination of the bankruptcies and intimately connected with the treatment given the farm and stock in the bankruptcy proceedings, "is sufficiently rooted in the pre-bankruptcy past and so little entangled with the bankrupts' ability to make an unencumbered fresh start that it should be regarded as 'property' under § 70a(5)." Segal v. Rochelle, *supra*; Lines v. Frederick, 400 U.S. 18, 20, 91 S.Ct. 113, 27 L.Ed.2d 124 (1970) *(per curiam)*.

■ This property belongs to plaintiffs' creditors if it belongs to anyone other than the United States. The plaintiffs have no standing to assert a claim for it. *See* First National Bank of Jacksboro v. Lasater, 196 U.S. 115, 25 S.Ct. 206, 49 L.Ed. 408 (1905).

■ The fact that the bankruptcies have been closed should pose no problem. If the trustee or any creditor feels there is a meritorious claim for the refund here and consequently a valuable asset of the bankrupt estate which was not administered, he may request the bankruptcy court to reopen the matter. 11 U.S.C. § 11(a)(8); In re Thomas, 204 F.2d 788, 791 (7th Cir. 1953).

Summary judgment is awarded the defendant; and it is so ordered.