In re Timothy R. CARTER, Debtor.

Bankruptcy No. 92–30073–S.

United States Bankruptcy Court,
E.D. Virginia,
Richmond Division.

July 6, 1993.

John M. Wright, Jr., Downs & Wright, Richmond, VA, for debtor.

## MEMORANDUM OPINION

BLACKWELL N. SHELLEY, Bankruptcy Judge.

This matter comes before the Court on the motion of Timothy R. Carter (the "debtor") filed April 19, 1993, to reopen his Chapter 7 case under 11 U.S.C. § 350(b) of the Bankruptcy Code, 11 U.S.C. § 101 *et seq.* (the "Code"). The debtor moves this Court to enjoin collection of a equitable distribution award arising out of the Final Decree of Divorce of the Circuit Court of the County of Henrico entered December 22, 1992, that ordered the debtor to pay $3000 to Theresa M. Carter, the debtor's ex-wife (the "creditor"). The creditor filed an objection to the motion to reopen. After considering the evidence and arguments presented at the hearing of May 14, 1993, and the briefs submitted by the parties,

this Court makes the following findings of fact and conclusions of law.

## FINDINGS OF FACT

The debtor and the creditor were married in Ashland, Virginia, on May 18, 1984. On December 14, 1990, after they began living separate and apart, the parties entered into an agreement, titled "Property Settlement Agreement" (the "Agreement"), which divided joint property, debts, and child support obligations between the parties. The Agreement waived all claims for spousal support and provided for rescission in the event of a material breach of its terms. On January 6, 1992, the debtor filed a petition for relief under Chapter 7 of the Code. In his petition, the debtor included all obligations arising under the Agreement and estimated the debt owed to his wife at $22,500. On April 13, 1992, the creditor filed a complaint to determine the dischargeability of debt under 11 U.S.C. § 523(a)(5) seeking to have the debts arising under the Agreement declared nondischargeable as a debt for alimony, maintenance, or support. *See Theresa M. Carter v. Timothy R. Carter,* Adversary Proceeding No. 92–3064–S. By order entered September 23, 1992, this Court found the obligations arising under the Agreement to be dischargeable in bankruptcy and enjoined any efforts to collect those debts. By order entered October 30, 1992, this debtor received his Chapter 7 discharge from all dischargeable debts. On December 16, 1992, the debtor's bankruptcy case was closed.

During the pendency of the bankruptcy case, the parties were involved in state court divorce proceedings. The debtor informed the state court that he had filed bankruptcy, that he listed his wife as a creditor in the petition, and that the bankruptcy court found the debts arising under the Agreement to be dischargeable. On December 22, 1992, the state court entered its final divorce decree finding that the debtor had materially breached the Agreement. The court then rescinded the Agreement and ordered an equitable distribution of marital properties in accordance with

Virginia Code § 20–107.3, including a payment of $3,000 from debtor to creditor.

The debtor wants this Court to reopen his Chapter 7 case to enjoin collection of the $3,000 awarded by the state court, arguing that the state court violated the automatic stay of 11 U.S.C. § 362 when, by rescinding the Agreement, the state court terminated a contract. According to the debtor, termination of a contract, even if state law entitled the party to terminate the contract, is a violation of the automatic stay. Debtor further argues that allowing a state court to rescind and rewrite contracts between debtors and creditors, especially those creating obligations which the bankruptcy court already determined to be dischargeable in an adversary proceeding, will make a bankruptcy discharge irrelevant. In that situation, creditors would merely move for rescission of the contract in state court and pray for the equitable relief of *quantum meruit*, thus impairing the important federal interest in giving debtors a fresh start.

The creditor objects to the debtor's motion to reopen and argues that the equitable distribution award is a new debt arising after the bankruptcy discharge. The automatic stay of § 362 terminated at the debtor's discharge on October 30, 1992. The final divorce decree created the equitable distribution obligation on December 22, 1992. Arguing that since the automatic stay terminated before the state court ordered equitable distribution, no stay was in effect to enjoin the state court's final decree. The creditor moves for denial of the debtor's motion on the grounds that this Court cannot accord the debtor further relief and no other cause to reopen the case exists.

## CONCLUSIONS OF LAW

■ Chapter 7 cases may be reopened in the court in which the case was closed to administer assets, to accord relief to the debtor, or for other cause. 11 U.S.C. § 350(b). The right to reopen the case depends upon the circumstances of the individual case and the decision whether to reopen is committed to the court's discretion. *Hawkins v. Landmark Finance Co.,* 727 F.2d 324, 326 (4th Cir.1984). There being no assets to administer in this case, this Court must determine whether reopening will accord relief to the debtor, or whether some other cause for reopening exists.

■ This motion to reopen would accord the debtor relief only if this Court would further determine whether the state court equitable distribution award is a new postpetition debt or an old debt subject to discharge. In reopening a closed case to allow the debtor such relief, this Court would be treading the area of the domestic relations law best left to the expertise of state courts. According to the Fourth Circuit Court of Appeals, "the bankruptcy court correctly placed equitable distribution disputes in the category of cases in which state courts have a special expertise and for which federal courts owe significant deference." *Robbins v. Robbins (In re Robbins),* 964 F.2d 342, 345 (4th Cir.1992) (citing *Caswell v. Lang,* 757 F.2d 608 (4th Cir.1985)). The bankruptcy court in *Robbins* granted relief from stay to allow equitable distribution proceedings to continue in state court. In affirming the bankruptcy court's decision, the Fourth Circuit said:

> "The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." ... State family and *family-property law* must do major damage to clear and substantial federal interests before the Supremacy Clause will demand that state law be overridden.

*Id.* at 346 (quoting *Hisquierdo v. Hisquierdo,* 439 U.S. 572, 581, 99 S.Ct. 802, 808, 59 L.Ed.2d 1 (1979) and *In re Burrus,* 136 U.S. 586, 593–94, 10 S.Ct. 850, 853, 34 L.Ed. 500 (1890)) (emphasis in original). In view of the holdings in the authorities cited above, this Court gleans several factors that are useful in coming to a decision:

1. Whether the debtor's allegation of violation of the automatic stay is likely to be sustained when considered on its merits, or, if not

2. Whether there is a related alternative violation of the Bankruptcy Code that is more likely to be sustained, and

3. Whether the possible violation of the Bankruptcy Code is one of major damage to a clear and substantial federal interest, and

4. Whether this case is within the category of domestic relations and family-property law cases for which federal courts owe significant deference to the special expertise of state courts, and

5. Whether a better balance of the state and federal interests would be achieved by this Court asserting its jurisdiction or by allowing the state court to exercise its concurrent jurisdiction over the federal issues.

█ Regarding the first factor, the debtor urges that the automatic stay of § 362 prevents the Henrico County court from rescinding the property settlement agreement between the parties. Section 362 states that "a petition filed under [the Code] operates as a stay" of:

(1) the commencement or continuation ... of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case ...;

.  .  .  .  .

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case....

11 U.S.C. § 362(a)(1), (6). Section 362(c) states further that:

(2) the stay of any other act under subsection (a) of this section continues until the earliest of—

(A) the time the case is closed;

(B) the time the case is dismissed; or

(C) if the case is a case under chapter 7 ..., the time a discharge is granted or denied.

11 U.S.C. § 362(c)(2). The Code clearly provides a debtor relief from creditor process for claims that arose before the commencement of the case, but that stay only continues until the case is closed, dismissed, or the debtor's debts are discharged.

The debtor in this case obtained a discharge on October 13, 1992. His case was closed on December 16, 1992. Pursuant to § 362(c)(2)(C), the automatic stay terminated on October 13, the date a discharge was granted. On November 23, 1992, the parties appeared before the Henrico County Circuit Court at a divorce hearing on the creditor's Bill of Complaint and Motion to Rescind the Agreement. The state court final decree rescinded the Agreement and ordered equitable distribution on December 22, 1992, over two months after the automatic stay in bankruptcy terminated. Although the record is not clear, it would appear to this Court that the creditor renewed the proceedings in state court after the October 13, 1992, discharge date, and for that reason, the automatic stay of § 362 did not protect the debtor from the actions of the Henrico County Circuit Court. The debtor's allegation of a violation of the automatic stay is not likely to be sustained on the merits.

█ The second factor considers whether a related alternative Code section could afford the debtor relief. The debtor seems to argue that his discharge should operate to protect him from efforts to collect the equitable distribution award allowed in the final decree. Section 727 provides that the court shall grant the debtor a discharge from all debts that arose before the date of the order for relief [the date of the filing of the petition]. 11 U.S.C. §§ 727(a), (b). A discharge voids any judgment that determines the personal liability of the debtor with respect to any debt discharged under § 727, and operates as an injunction against any action to collect any discharged debt from the debtor. 11 U.S.C. § 524(a)(1), (2). The Code does provide post-discharge protection from collection of all dischargeable debts.

The debtor seems to argue that the state court final decree rescinding the Agreement and fixing the equitable distribution obligation merely replaced the previously

discharged debt under the Agreement with a "new" equitable distribution obligation arising post-petition. The debtor argues that the state court improperly ordered the collection of debts previously discharged under the Agreement. Were this Court to grant the debtor's motion to reopen, it appears that the debtor would urge this Court to determine whether the state court in its final decree acted properly in rescinding the Agreement, which obligations had been discharged in bankruptcy, and "replacing" that rescinded Agreement with an equitable distribution award. Upon reopening, the debtor could then possibly challenge the state court final decree as a violation of § 524, arguing that the discharge voided any judgment and operated as an injunction against efforts to collect discharged debts.

In evaluating the merits of this challenge, this Court would need to decide whether the Henrico Circuit Court's final decree regarded a debt already discharged in bankruptcy, or whether the decree created a new debt. Very little evidence on this point is before the Court on this motion to reopen. From the record, this Court can find that the obligations under the Agreement existed at the time relief was granted on January 6, 1992. The debtor's discharge on October 30, 1992, discharged the debtor's obligations under the Agreement. 11 U.S.C. § 727(b). However, this Court finds that the parties remained married for almost a year after the date of relief. On November 23, 1992, the parties appeared before the Henrico County Court which heard evidence and argument of counsel regarding the divorce complaint, the motion to rescind the Agreement, and issues of spousal support and equitable distribution. On December 22, 1992, the state court rescinded the Agreement and awarded equitable distribution of marital assets. It appears to this Court that the state court could possibly have divided marital property that accrued in the year between the order for relief in Chapter 7 and the date of the final decree of divorce. Were this to be the case, the equitable distribution award would be a debt arising post-petition, not an effort to collect the pre-petition debt

discharged under the Agreement. In view of the lack of evidence before this Court on this issue, the expertise of state courts in family-property law matters, and the deference that federal courts properly give to state courts in these matters, this Court declines to reopen the debtor's case for the purpose of examining the equitable distribution award of the Henrico Circuit Court. *See Robbins v. Robbins (In re Robbins)*, 964 F.2d 342, 345 (4th Cir.1992).

█ Although this Court refuses to reopen the debtor's bankruptcy case on the grounds that issues of equitable distribution are best left to state courts, the debtor has other avenues through which to pursue relief. The Henrico Circuit Court has concurrent jurisdiction with this Court to consider whether its award of equitable distribution survived the debtor's Chapter 7 discharge. State courts and bankruptcy courts have concurrent jurisdiction to determine the dischargeability of pre-petition debts, except in cases of fraud, or wilful and malicious injury. *Brown v. Felsen*, 442 U.S. 127, 138, 99 S.Ct. 2205, 2213, 60 L.Ed.2d 767 (1979); *see* 11 U.S.C. § 523; Fed.R.Bankr.Pro. 4007, Advisory Committee Notes. This Court believes that the state court is better suited to determine whether or not equitable distribution obligations of state court defendants are pre-petition debts that are subject to discharge or post-petition "new debts." The debtor admits that he vigorously argued the bankruptcy court discharge of the debt arising under the Agreement before the Henrico Circuit Court. In the absence of any evidence to the contrary, this Court will assume that the Henrico Circuit Court considered the debtor's discharge argument in fashioning its final decree awarding equitable distribution. Reopening the bankruptcy case to relitigate such issues would violate the doctrine of *res judicata*, especially in view of the concurrent jurisdiction state court's enjoy over dischargeability complaints. *See Brown v. Felsen*, 442 U.S. at 131–2, 138, 99 S.Ct. at 2209, 2213. Any error of the Henrico County Court must be pursued within the Virginia state courts where the appeal lies and the necessary

familiarity and expertise with Virginia's domestic relations law resides.

For the reasons discussed above, this Court exercises its discretion to deny debtor's motion to reopen his Chapter 7 case.