**In re D. Kenneth WINEBRENNER, Maruta Winebrenner, Debtors.**

**Bankruptcy No. 91–32702–S.**

United States Bankruptcy Court, E.D. Virginia, Richmond Division.

July 21, 1994.

Peter W. Runkle, Obenshain, Hinnant & Runkle, Richmond, VA, for debtors.

William H. Scheil, Jr., Rockville, VA, for Chapter 7 Interim Trustee.

Sherman B. Lubman, Chapter 7 Interim Trustee, Richmond, VA.

### MEMORANDUM OPINION

BLACKWELL N. SHELLEY,
Bankruptcy Judge.

In his capacity as former Chapter 7 trustee, Sherman B. Lubman ("The Trustee") brings this matter before the Court on a motion to reopen the Chapter 7 case of D. Kenneth Winebrenner and Maruta Winebrenner ("The Debtors"). Upon consideration of the motion, response to the motion, arguments of counsel, evidence presented at the February 10, 1994 hearing, and briefs submitted after that hearing, the Court makes the following findings of fact and conclusions of law.

### Findings of Fact

On June 26, 1991, the debtors filed for protection under Chapter 7 of the Bankruptcy Code. The trustee was appointed on July 31, 1991. Almost a year later, on March 21, 1992, the trustee filed his report of no distribution stating "that he has made diligent inquiry into the whereabouts of property belonging to the estate; and that there are no assets in the estate over and above the exemptions claimed by the debtor". Trustee's Report of No Distribution. The case was then closed by order dated May 19, 1992.

On January 7, 1994, the trustee, presumably pursuant to 11 U.S.C. § 350(b), filed a motion to reopen the debtors' case after becoming aware of a suit brought in the Circuit Court of the City of Richmond, Virginia on September 14, 1992 by the debtors against Mortgage Services, Inc. ("MSI") which was filed almost four months after entry of the order closing their bankruptcy case. In their bill of complaint, the debtors alleged that MSI's breach of its promise to provide refinancing capital so financially injured the debtors "that they were forced to file a Chapter 7 Bankruptcy resulting in the loss of virtually all of their property and assets". Winebrenner's Bill of Complaint, ¶ 11. The debtors also asked that in addition to permanently enjoining MSI from execution under its deed of trust, that the state court also "refer this matter for an accounting of the sums of damage incurred by plaintiffs as a result of MSI's default and enter judgment in favor of plaintiffs for such amount as will fairly compensate plaintiffs for the MSI breach of contract together with costs, interest and attorney's fees". Id. at ¶ 3 of the prayer. After the trial on this matter, Judge Markow of the Circuit Court of the City of Richmond granted a permanent injunction against MSI but stated in a letter opinion that:

> [MSI] correctly argues that any claim of a debtor becomes an asset of the bankruptcy estate and belongs to the trustee until it is abandoned. [MSI]'s characterization of [debtor's] action here, however, is incorrect. [Debtors] are not asserting a claim. They have not posed or argued a claim for damages. They are asserting a defense against the exercise of security rights claimed by [MSI] under the deed of trust. The court is unaware of any authority making defenses, such as that here, assets of the bankruptcy estate.

*D. Kenneth Winebrenner, et ux. v. Mortgage Services, Inc., et al.,* Case No. HC–921–3, p. 2 (January 14, 1993).

After reviewing the debtors' bill of complaint and the Circuit Court's ruling, the trustee argues that he may be able to relitigate the issues presented in the above-referenced case. In addition, the trustee asserts that he may be able "to use the state court's decision to bar the secured claim of Mortgage Services, Inc., realizing rents and the value of the underlying ... property". Trustee's Brief in Support of Motion to Reopen, p. 5. The trustee argues that the claim against MSI and the ancillary claims for rent, the real property, and a claim against the debtors and their attorney are all unscheduled assets and present proper cause to reopen the case.

The debtors answer that the trustee's motion is barred by the statute of limitations and that the suit against MSI is not an asset of the estate. The debtors also argue that since the MSI suit is not an asset of the estate, the ancillary claims for rent, etc. are also not assets of the estate.

### Conclusions of Law

■ When a bankruptcy case is closed, the bankruptcy court's jurisdiction normally ceases. However, bankruptcy courts still have jurisdiction over closed cases for certain specific purposes. The Court stated in *In re Banks–Davis:*

> [T]his Court believes that it was the intention of Congress that bankruptcy jurisdiction continues for the purpose of deciding proceedings "arising under" title 11 despite the closing of the case. (citations omitted) For a bankruptcy court to retain jurisdiction of a case after closing, the party must be claiming a right or remedy created by one of the specific sections of title 11 U.S.C. § 101 *et seq.* (citations omitted)

*In re Banks–Davis,* 148 B.R. 810 (Bankr. E.D.Va.1992). The trustee's motion to reopen the bankruptcy case under 11 U.S.C. § 350(b) arises under a specific section of the Bankruptcy Code. Thus, this Court retains jurisdiction to hear the motion even though the case has been closed.

Authority for reopening a closed bankruptcy case is provided by 11 U.S.C. § 350(b) which states: "A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause". Bankruptcy Rule 5010 also provides authority for the trustee's motion, stating in pertinent part: "A case may be reopened on motion of the debtor or other party in interest pursuant to § 350(b) of the Code.". This Court stated in *In re Carter,* that: "[t]he right to reopen the case depends upon the circumstances of the individual case and the decision whether to

reopen is committed to the court's discretion". *In re Carter,* 156 B.R. 768, 770 (Bankr.E.D.Va.1993) (citing *Hawkins v. Landmark Finance Co.,* 727 F.2d 324, 326 (4th Cir.1984)).

■ Complying with the first clause in § 350(b), this Court is the court in which the debtors' case was closed, according to the May 19, 1992 order closing the debtors' case. Slightly more complicated is Bankruptcy Rule 5010's requirement that only a debtor or party in interest has the right to make a motion to reopen the bankruptcy case. Although some courts hold that a trustee who has been discharged has no cognizable interest in the bankruptcy case and is therefore not a party in interest [1], this Court thinks the better rule is that the trustee is a party in interest for the purposes of § 350(b). In *In re Stanke,* 41 B.R. 379 (Bankr.W.D.Mo.1984), a Chapter 7 trustee in a no-asset case discovered a potential preferential transfer which, if prosecuted successfully, could realize an asset of the estate. Holding that the trustee was a party in interest, the court stated:

> The trustee is obligated to administer the estate which includes the obligation to collect property and to investigate the debtor's affairs. Section 704 of the Code. As one of the few persons informed as to the case, the trustee is a natural person to hold and to exercise the power to move to reopen if his duty is unfinished.

*Id.* at 381. This Court adopts *Stanke*'s rationale and holds that the trustee is a party in interest.[2]

■ Now that jurisdiction and standing have been dealt with, the Court may turn its attention to the basis upon which the trustee wishes to reopen the debtors' case. At the present time, this Court does not seek to determine the validity of Judge Markow's decision that the permanent injunction is not an asset of the bankruptcy estate.[3] However, the debtor's suit asserted other causes of

**1.** *See In the matter of Ayoub,* 72 B.R. 808, 812 (Bankr.M.D.Fla.1987).

**2.** *See also Brangan v. United States,* 373 F.Supp. 1050, 1052 (E.D.Va.1973) and *White v. Boston,* 104 B.R. 951, 954 (S.D.Ind.1989).

**3.** *See* 28 U.S.C. § 1334(d).

action relating to damages that were, according to Judge Markow's letter opinion, abandoned by the debtors during the pendency of their suit against MSI. Because these damage claims were potential assets of the bankruptcy estate, the trustee would have been an essential party unless he had knowingly abandoned the causes of action. But since they were not scheduled by the debtor and there is no evidence that the trustee knew of these causes of action and then consciously abandoned them, they remain a part of the bankruptcy estate. *See* 11 U.S.C. § 554(d)[4], *First Nat. Bank v. Lasater*, 196 U.S. 115, 25 S.Ct. 206, 49 L.Ed. 408 (1905), and *In re Harris*, 32 B.R. 125 (Bankr.S.D.Fla.1983).

■ The possibility that the trustee could realize assets for the estate by pursuing these unabandoned causes of action provides cause to reopen the bankruptcy case. Administering undisclosed assets has been frequently held sufficient cause to reopen a bankruptcy case. *See White v. Boston*, 104 B.R. 951, 955–56 (S.D.Ind.1989) and *In re McCoy*, 139 B.R. 430 (Bankr.S.D.Ohio 1991). Because the debtors' lists and schedules failed to mention the causes of action against MSI and because this failure may give birth to other assets both in the form of rents or income accrued on the subject real property and also in a cause of action against the debtors for an alleged failure to list the cause of action, the Court finds that there is sufficient cause to grant the trustee's motion and reopen the case to investigate and if possible obtain these unscheduled assets for the benefit of the estate.

If the cause of action existed prior to the filing of the bankruptcy, the Court doubts it makes any difference that it was "equitable" relief that debtor received in the state court. Likewise, the Court doubts that Judge Markow is privileged to determine what is or is not an asset of the bankruptcy estate. That would have been a suit in which the Trustee

in bankruptcy would have been a necessary party; consequently, the Court doubts the trustee is collaterally estopped by the state court's decision. The fact that the trustee may have abandoned an interest in the real estate due to a lack of equity over and above the existing mortgages may be a handicap; however, that issue is not currently before the Court.

■ None of the debtors' defenses to the trustee's motion is meritorious. In their amended motion in opposition to the trustee's motion to reopen the case, the debtors hypothecate that the trustee's action would be based upon 11 U.S.C. §§ 544 or 547. If this were the case the debtors argue, these actions would be barred by the statute of limitations described in 11 U.S.C. § 546(a)[5]. First, the Court thinks this argument premature since the trustee has not divulged his legal strategy for pursuing these alleged undisclosed assets. Thus, the Court does not look beyond the trustee's request to reopen the case which in and of itself is not barred by a statute of limitations. Second, the debtors' statute of limitations argument may not be an accurate statement of the law. In *White v. Boston*, 104 B.R. 951 (S.D.Ind.1989), a trustee moved to reopen a Chapter 7 case to administer assets that were not listed in the debtor's schedules. As in the instant case, the debtor asserted the § 546(a) limitations argument. After studying the various limitations periods, the court discussed equitably tolling the statute of limitations when fraud, either produced by design or negligence, is present:

The Supreme Court ... in *Holmberg v. Armbrecht*, 327 U.S. 392, 397, 66 S.Ct. 582, 585, 90 L.Ed. 743 (1946) ... stated that the equitable tolling doctrine should be "read into every federal statute of limitations." The Seventh Circuit, further refining the doctrine, has ruled that the tolling doctrine operates against "those who negligently facilitate fraud" as well as those

4. 11 U.S.C. § 554(d) states:

Unless the court orders otherwise, property of the estate that is not abandoned under this section and that is not administered in the case remains property of the estate.

5. 11 U.S.C. § 546(a) states:

(a) An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—

(1) two years after the appointment of a trustee under section 702, 1104, 1163, 1302, or 1202 of this title; or

(2) the time the case is closed or dismissed.

who take affirmative steps to conceal fraud. *Schaefer v. First National Bank of Lincolnwood,* 509 F.2d 1287, 1296 (7th Cir. 1975) (remaining citations omitted) ... In the present case the record is unclear as to whether the debtors actively concealed the newly discovered assets, or whether they negligently facilitated fraud by simply failing to schedule these assets. In the former situation, the statute of limitations would be tolled until actual discovery of the fraud; in the latter, the tolling would last until the fraud could reasonably have been discovered by a trustee exercising due care. (citation omitted).

*White,* 104 B.R. at 956. This issue may be addressed more fully when and if the trustee brings any action under the sections affected by the § 546(a) statute of limitations.

■ The debtors also propose that, since the cause of action against MSI was both inchoate and worthless at the time of the debtors' filing for bankruptcy, no asset existed and the debtors did not have to list the cause of action in the bankruptcy petition schedules. Describing what is property of the estate, 11 U.S.C. § 541(a)(1) states:

> (a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:
>
> (1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

Subsections (b) and (c)(2) are not applicable in this case. Here, the breach occurred prior to the filing of the bankruptcy, indeed it may have precipitated the filing. Simultaneous with the breach, came a cause of action on the breach. This cause of action created a legal interest in which the debtors were free to take advantage. Thus, the cause of action should have been listed on the debtors' schedules. Buttressing this holding is *In re Ozark Restaurant Equipment Co.,* 816 F.2d 1222 (8th Cir.1987), *cert. denied sub nom. Jacoway v. Anderson,* 484 U.S. 848, 108 S.Ct. 147, 98 L.Ed.2d 102 (1987), which stated:

> [I]t is clear that causes of action belonging to the *debtor* at the commencement of the

case are included within the definition of property of the estate. *E.g.,* 4 Collier on Bankruptcy ¶ 541.10[1], at 541–62 (15th ed. 1986). Any of these actions that are unresolved at the time of filing then pass to the trustee as representative of the estate, who has the responsibility under Section 704(1) of asserting them whenever necessary for collection or preservation of the estate. *Id.* ¶ 704.02, at 704–6 to –7.

*Ozark,* 816 F.2d at 1225.

■ The debtors also assert that the cause of action had no value at the time of filing and only became worth pursuing when the first deed of trust was released on the property. In deciding whether or not to schedule the cause of action, what the debtors or their attorney thought the cause of action was worth is irrelevant. The trustee must be given the opportunity to value each piece of property in the estate before deciding whether or not to abandon it.

■ Finally, the debtors state that the trustee is barred by the doctrine of laches. The context in which the doctrine of laches applies was considered in *Mogavero v. McLucas,* 543 F.2d 1081 (4th Cir.1976), where the court stated:

> Laches is sustainable only on proof of both of two elements: "(1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense." *Costello v. United States,* 365 U.S. 265, 282, 81 S.Ct. 534, 543, 5 L.Ed.2d 551 (1961).

*Id.* at 1083. In the instant case, the debtors have failed to allege these elements, only stating that "[t]he trustee is further barred from reopening the case by laches occasioned by no fraud or concealment on the part of the debtors". Amended Debtor's (sic) Opposition to Motion to Reopen Case, ¶ 3. Consequently, the doctrine of laches argument must fail.

Having found sufficient cause to do so, the trustee's motion to reopen the debtors' case is granted.